**Ex parte Robert Joseph WILSON, Jr.**

**No. 05–05–00882–CR.**

Court of Appeals of Texas,
Dallas.

Sept. 14, 2005.

926

Robert Udashen, Sorrels & Udashen, Dallas, for Appellant

John R. Roach, Collin County Dist. Atty., and Cynthia Ann Walker, Collin County Asst. Dist. Atty., McKinney, for the State.

Before Justices FITZGERALD, LANG–MIERS, and MAZZANT.

## OPINION

Opinion by Justice MAZZANT.

Robert Joseph Wilson, Jr. appeals the trial court's order denying him relief on his application for writ of habeas corpus. In this appeal, we must determine whether the provisions for the Substance Abuse Felony Program (SAFP) contained in article 42.12, section 14 of the Texas Code of Criminal Procedure exclude state jail felonies. Because we conclude section 14 does not exclude state jail felonies, we affirm the trial court's order.

### Background

On March 3, 2005, appellant entered a negotiated guilty plea to possession of cocaine in an amount less than one gram, a state jail felony. Pursuant to the plea bargain agreement, the trial court deferred adjudicating guilt, placed appellant on two years' community supervision, and assessed a $300 fine. The trial court also ordered appellant to participate in SAFP as a condition of community supervision. On March 7, 2005, appellant filed a motion to remove SAFP as a condition of supervision and replace it with a private residential drug treatment program. On April 1, 2005, appellant filed a motion to remove SAFP as a condition of supervision and replace it with an intensive outpatient treatment program. The trial court denied appellant's motions and, on May 11, 2005, ordered appellant confined in the Collin County Jail until he was transferred to the SAFP facility.

On June 10, 2005, appellant filed an application for writ of habeas corpus chal-

lenging the SAFP order. Appellant contended in the application that SAFP is not authorized for a state jail felony and that trial counsel was ineffective in not objecting to the trial court's order that appellant participate in SAFP. No hearing was conducted on the application for writ of habeas corpus. On June 10, 2005, the trial court denied appellant relief. This appeal followed.

## Standard of Review and Applicable Law

In reviewing the trial court's decision to grant or deny habeas corpus relief, we view the facts in the light most favorable to the trial court's ruling. *Ex parte Peterson,* 117 S.W.3d 804, 819 (Tex. Crim.App.2003) (per curiam). We will uphold the trial court's ruling absent an abuse of discretion. *Id.* In conducting our review, we afford almost total deference to the judge's determination of the historical facts that are supported by the record, especially when the fact findings are based on an evaluation of credibility and demeanor. *Id.* We afford the same amount of deference to the trial judge's application of the law to the facts, if the resolution of the ultimate questions turns on an evaluation of credibility and demeanor. *Id.* If the resolution of the ultimate questions turns on an application of legal standards, we review the determination de novo. *Id.*

## SAFP as Condition of Community Supervision not Cognizable on Habeas Corpus

In his first issue, appellant claims the trial court erred in denying him habeas corpus relief because SAFP is not authorized for a state jail felony. The State responds that article 11.072 precludes appellant from raising this complaint. We agree with the State.

Article 11.072 "establishes the procedures for an application for a writ of habeas corpus in a felony or misdemeanor case in which the applicant seeks relief from an order or a judgment of conviction ordering community supervision." Tex.Code Crim. Proc. Ann. art. 11.072, § 1 (Vernon 2005). An application may not be filed under article 11.072 if the applicant could obtain the requested relief by means of an appeal. *See id.* § 3(a). Moreover, "[a]n applicant may challenge a condition of community supervision under this article only on constitutional grounds." *Id.* § 3(c).

Appellant's challenge to the SAFP condition of community supervision is one that could have been raised on appeal. Moreover, the challenge does not raise any constitutional issues, only statutory ones. Therefore, article 11.072 precludes appellant from bringing this complaint by habeas corpus, and the trial court did not abuse its discretion in denying relief on this ground. *See id.* §§ 3(a), (c). We resolve appellant's first issue against him.

## Ineffective Assistance of Counsel

In his second issue, appellant asserts that trial counsel was ineffective in not objecting to the unauthorized condition of community supervision. The State responds that SAFP is authorized for state jail felonies; therefore, trial counsel was not ineffective.

To prevail on a claim of ineffective assistance of counsel, appellant must prove by a preponderance of the evidence that: (1) counsel's performance fell below the standard of prevailing professional norms; and (2) there is a reasonable probability that, but for counsel's deficiency, the result of the trial would have been different. *See Strickland v. Washington,* 466 U.S. 668, 687, 695, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *Thompson v. State,* 9 S.W.3d 808, 812 (Tex.Crim.App.1999). A

reasonable probability is one sufficient to undermine confidence in the outcome of the proceeding. *See Thompson,* 9 S.W.3d at 812. Allegations of ineffective assistance of counsel must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness. *See id.* at 813. Moreover, appellate scrutiny of trial counsel's performance must be highly deferential to avoid the deleterious effects of hindsight. *See id.*

▮▮▮▮▮ Appellant has the burden to show ineffective assistance of counsel by a preponderance of the evidence. *See Bone v. State,* 77 S.W.3d 828, 833 (Tex.Crim. App.2002). In most cases, a silent record is not sufficient to overcome the strong presumption that counsel rendered reasonable assistance. *See Rylander v. State,* 101 S.W.3d 107, 110 (Tex.Crim.App.2003). Further, an appellate court ordinarily should not declare trial counsel ineffective where there is no record showing counsel had an opportunity to explain himself. *See Goodspeed v. State,* No. PD–1882–03, —— S.W.3d ——, ——, 2005 WL 766996, at *2 (Tex.Crim.App. Apr.6, 2005). Only in rare circumstances will a record show, even without counsel's explanation, that there was no sound strategy for trial counsel's acts or omissions. *See Andrews v. State,* 159 S.W.3d 98, 103 (Tex.Crim.App.2005).

▮▮▮▮ Appellant argues that the language of article 42.12, section 14 limits SAFP to individuals on community supervision for first-, second-, and third-degree felonies because it uses the term "imprisonment," whereas section 12.35 of the penal code uses the term "confinement" in reference to state jail felonies. Appellant also argues that SAFP is not authorized because article 42.12, section 15(c) limits terms of confinement as a condition of community supervision for a state jail felony to ninety days. The State responds that the plain language of article 42.12,

sections 5(a) and 15(c) authorize SAFP for state jail felonies. We agree with the State.

We begin with the principles of statutory interpretation. When discerning the meaning of a statute, we start with the plain language. *Getts v. State,* 155 S.W.3d 153, 155 (Tex.Crim.App.2005). If the language is clear and unambiguous, we apply the plain meaning of the words unless it would lead to an absurd result. *Id.*

Article 42.12, section 5(a), which relates to deferred adjudication community supervision, states:

> (a) The judge may ... require *any* reasonable conditions of community supervision, including mental health treatment under Section 11(d) of this article, that a judge could impose on a defendant placed on community supervision for a conviction that was probated and suspended, including confinement.

TEX.CODE CRIM. PROC. ANN. art. 42.12, § 5(a) (Vernon Supp.2004–05) (emphasis added). Section 15, which relates to state jail felony community supervision, provides in relevant part:

> (c) (1) A judge may impose *any* condition of community supervision on a defendant that the judge could impose on a defendant placed on supervision for an offense *other than a state jail felony,* except that the judge may impose on the defendant that the defendant submit to a period of confinement in a county jail under Section 5 or 12 or this article only if the term does not exceed 90 days.
>
> (2) Except as otherwise provided by Subdivision (3), a judge who places a defendant on community supervision for an offense listed in Subsection (a)(1) [certain violations of the

Health & Safety Code] *shall require* the defendant to comply with substance abuse treatment conditions that are consistent with the standards adopted by the Texas Board of Criminal Justice under Section 509.015, Government Code.

*Id.* art. 42.12, § 15(c)(1), (2) (emphasis added).

One of the enumerated offenses in section 15(a)(1) is a violation of section 481.115(b), which is possession of a controlled substance listed in Penalty Group I in an amount less than one gram. *See id.* § 15(a)(1); TEX. HEALTH & SAFETY CODE ANN. § 481.115(b) (Vernon 2003). Appellant is on deferred adjudication community supervision for possession of cocaine in an amount less than one gram. Cocaine is a controlled substance listed in penalty group one. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.102(3)(D) (Vernon Supp.2004–05).

Article 42.12, section 14 provides that SAFP may be ordered as a condition of community supervision for any felony, other than certain enumerated sex offenses, if the judge makes the requisite findings regarding the role of drug or alcohol abuse in the commission of the offense and that the defendant is a suitable candidate for SAFP. *See* TEX.CODE CRIM. PROC. ANN. art. 42.12, § 14(a), (b); TEX. GOV'T CODE ANN. § 493.009 (Vernon 2004) (Substance Abuse Felony Punishment Facilities). Therefore, we conclude the plain and unambiguous language of sections 5(a), 14(a) and (b), and 15(c) includes state jail felonies among the category of felonies for which SAFP

may be ordered. *See id.* §§ 5(a), 14(a). We further conclude that applying the plain language of the statutes does not lead to an absurd result. *See Getts,* 155 S.W.3d at 155.

■ Nor are we persuaded by appellant's argument that the order is invalid because SAFP will exceed ninety days. That provision of section 15(c)(1) applies to *confinement* ordered as a condition of community supervision. SAFP is not confinement ordered as a condition of community supervision; it is a substance abuse program ordered as a condition of community supervision. *See* TEX.CODE CRIM. PROC. ANN. art. 42.12, § 14(a). Further, nothing in section 15(c)(2) limits participation in a substance abuse program to ninety days. *See id.* § 15(c)(2). Therefore, the fact that SAFP exceeds ninety days does not violate the provisions of section 15(c)(1).

Because SAFP is authorized for state jail felonies, trial counsel was not ineffective in not objecting to the condition of community supervision. Therefore, the trial court did not abuse its discretion in denying relief on this ground. We resolve appellant's second issue against him.

We affirm the trial court's order denying appellant the relief sought by his application for writ of habeas corpus.