# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-06-00418-CR

**Ex parte Manuel Jesse Barrientes**

**FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 368TH JUDICIAL DISTRICT
NO. 02-818-K368, HONORABLE BURT CARNES, JUDGE PRESIDING**

## M E M O R A N D U M   O P I N I O N

In this habeas corpus proceeding, Manuel Jesse Barrientes challenges on double jeopardy grounds the validity of the deferred adjudication order in cause number 02-818-K368, pursuant to which he was placed and remains on community supervision.[1] *See* Tex. Code Crim. Proc. Ann. art. 11.072 (West 2005). The district court denied relief, and this appeal followed. We will affirm.

The felony information in cause number 02-818-K368 was filed on October 4, 2002. It alleged that on or about August 13, 2002, Barrientes "intentionally or knowingly threatened Jubin Alexander with imminent bodily injury and used or exhibited a deadly weapon, namely, a knife, during the commission of the assault." *See* Tex. Penal Code Ann. § 22.02(a)(2) (West Supp. 2006). Four days later, a misdemeanor assault information was filed in cause number 02-4928-3. It alleged

---

[1] A motion to adjudicate is pending.

that on or about August 13, 2002, Barrientes "intentionally, knowingly, and recklessly cause[d] bodily injury to Jubin Susan Alexander . . . by striking [her] on her head, and by striking [her] on her arms, and by threatening [her] with bodily injury while displaying a knife." *See id.* § 22.01(a)(1), (2). It is undisputed that both informations were based on the same incident.

A plea bargain was arranged. Pursuant to the bargain, on October 24, 2002, Barrientes pleaded guilty in the county court at law to assault with bodily injury, was adjudged guilty, and sentenced to 180 days in jail. On October 29, also as a part of the bargain, Barrientes pleaded guilty in the district court to aggravated assault with a deadly weapon and was placed on deferred adjudication community supervision for five years. Barrientes now contends that the deferred adjudication order violated his double jeopardy right not to be punished twice for the same offense. His argument in support of this contention, however, is narrower than that. He argues that collateral estoppel barred the State from relitigating the allegation that he threatened the complainant with a knife.

The State argues that Barrientes's claim is not cognizable in habeas corpus because it could have been raised on appeal. *See Ex parte Cruzata*, 220 S.W.3d 518, 520 (Tex. Crim. App. 2007); *Ex parte Nelson*, 137 S.W.3d 666, 667-68 (Tex. Crim. App. 2004); *see also* Tex. Code Crim. Proc. Ann. art. 11.072, § 3(a); *Ex parte Wilson*, 171 S.W.3d 925, 928 (Tex. App.—Dallas 2005, no pet.) (construing section 3(a)). Barrientes could not appeal the deferred adjudication order, however, because he waived that right pursuant to the plea bargain. We conclude that the issue is properly before us.

Under the collateral estoppel component of double jeopardy, when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit. *Ashe v. Swenson*, 397 U.S. 436, 443 (1970). This means that once a competent trier of fact determines a discrete issue in favor of a criminal defendant, the State cannot relitigate that issue against the same defendant. *Ex parte Watkins*, 73 S.W.3d 264, 268 (Tex. Crim. App. 2002).

The county court information in cause number 02-4298-3 accused Barrientes of two different misdemeanor offenses: assault with bodily injury, a class A misdemeanor, and assault by threat, a class C misdemeanor. *See* Tex. Penal Code Ann. § 22.01(b), (c). Documents in the record reflect that before Barrientes pleaded guilty in the county court at law, he was told that he was pleading guilty to assault with bodily injury and admonished regarding the range of punishment for class A misdemeanors. The county court's judgment of conviction also recites that Barrientes pleaded guilty to and was found guilty of assault with bodily injury. Thus, Barrientes's alleged use of a knife to threaten the complainant was not an issue of ultimate fact in the county court misdemeanor prosecution. Barrientes's misdemeanor assault conviction rests on a finding by the county court, based on the guilty plea, that Barrientes struck the complainant on her head and arms. There is nothing in the record to indicate that the threat against the complainant alleged in the misdemeanor information was presented to the county court at law as an issue of fact, much less that it was resolved against the State by the trial court so as to implicate the collateral estoppel doctrine.

In the district court, in felony cause number 02-818-K368, Barrientes pleaded guilty to threatening the complainant with imminent bodily injury with a knife. Although this conduct may have been alleged in the misdemeanor information, it is not the conduct for which Barrientes had

3

been convicted in county court. The first step in double jeopardy analysis is to determine whether the legislature intended that each violation be a separate offense. *Garrett v. United States*, 471 U.S. 773, 778 (1985). Barrientes makes no effort to demonstrate that the legislature intended to permit only a single conviction when a defendant strikes the complainant with his hand and also threatens the complainant with imminent bodily injury while brandishing a deadly weapon. Each of the offenses to which Barrientes pleaded guilty has a unique element, and it is presumed that the two offenses are not the same for double jeopardy purposes. *See Blockburger v. United States*, 284 U.S. 299, 304 (1932); *Queen v. State*, 940 S.W.2d 781, 783 (Tex. App.—Austin 1997, pet. ref'd).

Barrientes's contention that he has been punished twice for the same offense is without merit. The order denying habeas corpus relief is affirmed.

_____

Bob Pemberton, Justice

Before Justices Patterson, Puryear and Pemberton

Affirmed

Filed: August 31, 2007

Do Not Publish