## Ex parte Linda POLLEY.

### No. 10–07–00237–CR.

Court of Appeals of Texas, Waco.

Feb. 27, 2008.

Paul A. Quinzi, Austin, for appellant/relator.

Dan V. Dent, Dist. Atty., Hillsboro, Bill W. Johnston, John R. Donahue, Waco, for appellee/respondent.

Before Chief Justice GRAY, Justice VANCE, and Justice REYNA.

#### Opinion

FELIPE REYNA, Justice.

Linda Polley brings this appeal from an order denying her application for habeas relief under article 11.072 of the Code of Criminal Procedure. Polley claims in two issues that the court erred by concluding that: (1) her contention regarding charge error in the trial on the merits is not cognizable in a habeas proceeding; and (2) her claim of an illegal sentence is not cognizable in a habeas proceeding. We will affirm.

A jury convicted Polley of tampering with a governmental record. The court

sentenced Polley to one year in the county jail and a $2,500 fine, suspended imposition of sentence, and placed Polley on community supervision for two years. Before conviction, Polley was the County Treasurer for Hill County. The court found that Polley's offense constituted official misconduct and ordered that she be removed from office. *See* Tex. Loc. Gov' t Code Ann. § 87.031 (Vernon 1999) (conviction for offense "involving official misconduct operates as an immediate removal from office of that officer"). Polley pursued a direct appeal with this Court which was dismissed as untimely. *See Polley v. State,* No. 10–06–00395–CR, 2007 WL 117688 (Tex.App.-Waco Jan. 17, 2007, no pet.) (per curiam) (not designated for publication).

Polley then sought habeas relief. She alleged in her habeas application that: (1) she received ineffective assistance of counsel and is entitled to an out-of-time appeal; (2) the district court lacked jurisdiction to hear this misdemeanor case; (3) she was denied a fair trial because the court refused to charge the jury on the defense provided by section 37.10(f) of the Penal Code;[1] and (4) the portion of the judgment ordering her removal from office constitutes an illegal sentence. The court rejected the first two claims on their merits and held that the latter two claims are not cognizable in a postconviction habeas proceeding.

Because Polley is on community supervision, this habeas proceeding is governed by article 11.072. *See* Tex.Code Crim. Proc. Ann. art. 11.072 (Vernon 2005). According to section 3(a) of this statute, "An application may not be filed under this article if the applicant could obtain the requested relief by means of an appeal under Article 44.02 and Rule 25.2, Texas

Rules of Appellate Procedure." *Id.* art. 11.072, § 3(a); *see Ex parte Wilson,* 171 S.W.3d 925, 928 (Tex.App.-Dallas 2005, no pet.). This statutory provision is consistent with longstanding habeas law.

In 1965, the Court of Criminal Appeals held, "The writ of habeas corpus cannot be utilized, after conviction, to point out alleged errors in a court's charge, as these are matters which should be urged on appeal after timely objection made in the trial court." *Ex parte Gomez,* 389 S.W.2d 308, 310 (Tex.Crim.App.1965). Thirty-nine years later, that same court observed, "We have said countless times that habeas corpus cannot be used as a substitute for appeal, and that it may not be used to bring claims that could have been brought on appeal." *Ex parte Nelson,* 137 S.W.3d 666, 667 (Tex.Crim.App.2004).

■ By contrast, habeas relief may be available for review of an issue which was not apparent from the record on direct appeal. *See Ex parte Rich,* 194 S.W.3d 508, 512–13 & n. 9 (Tex.Crim.App.2006).

■ Polley claims in her first issue that the court erred by concluding that her contention regarding charge error in the trial on the merits is not cognizable in a habeas proceeding. At trial, Polley sought an instruction in the jury charge on the defense provided by section 37.10(f) of the Penal Code. *See* Tex. Pen.Code Ann. § 37.10(f) (Vernon Supp.2007). The State did not oppose this request, and, although the court initially indicated that it would include such an instruction, the court later advised the parties that it would not. Polley raised this issue in a timely-filed motion for new trial and could have pursued it on appeal. Thus, the court properly concluded that this issue is not cognizable

---

1. Section 37.10(f) provides, "It is a defense to prosecution under Subsection (a)(1), (a)(2), or (a)(5) that the false entry or false information could have no effect on the government's purpose for requiring the governmental record." Tex. Pen.Code Ann. § 37.10(f) (Vernon Supp. 2007).

in a habeas proceeding. *See* TEX.CODE CRIM. PROC. ANN. art. 11.072, § 3(a); *Nelson*, 137 S.W.3d at 667–68; Wilson, 171 S.W.3d at 928. Polley's first issue is overruled.

Polley contends in her second issue that the court erred by concluding that her contention regarding an illegal sentence is not cognizable in a habeas proceeding. This issue is directed to that portion of the judgment ordering Polley's removal from office. As with Polley's claim of charge error, the basis for her illegal sentence claim was apparent the moment the court entered judgment in July 2006, and Polley could have challenged this portion of the judgment on appeal. Thus, the court properly concluded that this issue is not cognizable in a habeas proceeding. *See* TEX.CODE CRIM. PROC. ANN. art. 11.072, § 3(a); *Nelson*, 137 S.W.3d at 667–68; Wilson, 171 S.W.3d at 928. Polley's second issue is overruled.

We affirm the order denying Polley's habeas application.