

# NUMBER 13-06-00615-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

## EX PARTE: CHARLIE PARK

**On appeal from the 93rd District Court of Hidalgo County, Texas.**

# MEMORANDUM OPINION

**Before Justices Yañez, Rodriguez, and Benavides**
**Memorandum Opinion by Justice Benavides**

Appellant, Charlie Park, appeals the trial court's denial of his application for a post-conviction writ of habeas corpus. *See* TEX. CODE CRIM. PROC. ANN. art. 11.072, § 8 (Vernon 2005) ("If the application is denied in whole or part, the applicant may appeal under Article 44.02 and Rule 31, Texas Rules of Appellate Procedure."). By one issue, Park argues that the trial court erred by denying his request for an out-of-time appeal of his underlying conviction. We affirm.

## I. BACKGROUND

After a jury trial, on June 7, 2004, Park was convicted of indecency with a child by sexual contact. *See* TEX. PEN. CODE ANN. § 21.11(a)(1) (Vernon 2003). The jury assessed punishment at eight years' imprisonment in the Texas Department of Criminal Justice, but it recommended that the term of imprisonment be suspended and that Park be placed on community supervision. *See* TEX. CODE CRIM. PROC. ANN. art. 42.12, § 4(a) (Vernon Supp. 2008).

Thereafter, the trial court ordered a pre-sentence investigation, and it held two hearings. Park asserts that the first hearing, on September 10, 2004, did not completely resolve the terms of his community supervision. Thus, the matter was re-set for further hearing on October 25, 2004. Park contends that his sentence was finally and fully imposed in open court at the October hearing.

Park filed a notice of appeal to this Court on November 8, 2004, more than thirty days after the September 10, 2004 hearing. *See* TEX. R. APP. P. 26.2(a)(1). We held, however, that the notice of appeal was due thirty days after September 10, 2004. Accordingly, we dismissed the appeal for lack of jurisdiction, holding that the notice of appeal was untimely and that Park failed to seek an extension. *Park v. State*, No. 13-04-683-CR, 2005 WL 5852928, at *1 (Tex. App.–Corpus Christi Mar. 3, 2005, no pet.) (mem. op.). Park did not file a petition for discretionary review with the Texas Court of Criminal Appeals.

Instead, Park filed an application for a writ of habeas corpus with the trial court that imposed his community supervision. *See* TEX. CODE CRIM. PROC. ANN. art. 11.072, § 2(a) ("An application for a writ of habeas corpus under this article must be filed with the clerk

of the court in which community supervision was imposed."). Park argued that this Court erred in dismissing his direct appeal for lack of jurisdiction because his notice of appeal was timely, claiming that his sentence was not imposed or suspended in open court until October 25, 2004, and that his notice of appeal was not due until thirty days after that date.

The State filed a response to the application. *See id.* § 5(b). It asserted that Park was not entitled to a writ of habeas corpus because Park could have obtained the requested relief by filing a petition for discretionary review. *See id.* § 3(a). Furthermore, the State argued that Park did not raise any constitutional issues but instead complained of the lawful denial of his right to appeal pursuant to Texas Rule of Appellate Procedure 26.2. Finally, the State argued that this Court correctly determined it lacked jurisdiction and did not err in dismissing Park's direct appeal.

The trial court denied the application and issued findings of fact and conclusions of law. *See id.* § 7. The trial court stated that its decision was based on two grounds:

1. Habeas corpus will not lie to relieve Applicant's confinement as . . . the claim he asserts in his sole ground for relief should have been addressed by direct appeal to the Court of Criminal Appeals by petition for discretionary review.

2. Applicant's notice of appeal was not timely filed because it was due to be filed no later than October 10, 2004, and was not filed until November 8, 2004.

This appeal ensued. *See id.* § 8.

## II. DISCUSSION

On appeal, Park asserts that the trial court abused its discretion in denying the application because his notice of appeal in the direct appeal was timely. The State argues that Park is not entitled to the writ of habeas corpus because he failed to seek review of

3

this Court's dismissal by filing a petition for discretionary review.

Article 11.072 clearly states that "[a]n application may not be filed under this article if the applicant could obtain the requested relief by means of an appeal under Article 44.02 and Rule 25.2, Texas Rules of Appellate Procedure." *Id.* § 3(a). This provision codifies the general rule that writs of habeas corpus are not to be used as substitutes for ordinary appeals. *See Ex parte Polley*, 255 S.W.3d 221, 222 (Tex. App.–Waco 2008, no pet.). "Habeas corpus is an extraordinary remedy and is only available when there is no other adequate remedy at law." *State v. Webb*, 244 S.W.3d 543, 546 (Tex. App.–Houston [1st Dist.] 2007, no pet.).

Furthermore, with certain exceptions, a habeas corpus proceeding may not be used to re-litigate issues addressed in the direct appeal. *See Ex parte Drake*, 883 S.W.2d 213, 215 (Tex. Crim. App. 1994). One of those exceptions is when the record on direct appeal is insufficient to establish a claim of ineffective assistance of counsel, even though the issue was or could have been raised in the direct appeal. *Webb*, 244 S.W.3d at 546. Additionally, out-of-time appeals are routinely awarded in habeas corpus proceedings when the applicant asserts that he was denied effective assistance of counsel *in the direct appeal*. *See Ex parte Dietzman*, 790 S.W.2d 305, 306-07 (Tex. Crim. App. 1990); *see, e.g., Ex parte Pinner*, No. AP-75802, 2007 WL 4305516, at *1 (Tex. Crim. App. 2007) (not designated for publication).

Park does not assert that his counsel was ineffective on appeal; he has never asserted such a claim. Rather, he argues that we erroneously calculated the due date for his notice of appeal. We addressed this issue in the direct appeal, and the Texas Court

of Criminal Appeals was fully able to review this claim had Park filed a petition for discretionary review. *See Olivo v. State,* 918 S.W.2d 519, 525-26 (Tex. Crim. App. 1996) (reviewing appellant's argument that the court of appeals erroneously dismissed his appeal for lack of jurisdiction because appellant failed to file a timely notice of appeal). Park cannot use a habeas corpus proceeding to re-litigate our prior ruling and as a substitute for direct review by the court of criminal appeals. Accordingly, we affirm the trial court's denial of Park's application.

## III. CONCLUSION

Having overruled Park's sole issue, we affirm the trial court's judgment.

_____
GINA M. BENAVIDES,
Justice

Do not publish.
See TEX. R. APP. P. 47.2(b)

Memorandum Opinion delivered and
filed this the 7th day of May, 2009.

5