**AFFIRMED; Opinion Filed April 13, 2016.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-15-01452-CR

## EX PARTE GERARDO AVELLA YANEZ

---

### On Appeal from the 282nd Judicial District Court
### Dallas County, Texas
### Trial Court Cause No. WX15-90005-S

---

## MEMORANDUM OPINION

Before Chief Justice Wright and Justices Lang and Brown
Opinion by Justice Lang

Gerardo Avella Yanez appeals the trial court's order denying relief on his application for writ of habeas corpus. In a single issue, appellant contends he received ineffective assistance of counsel at trial and that the trial court erred in denying relief. We affirm the trial court's order.

BACKGROUND

On October 18, 2007, appellant pleaded guilty to aggravated assault with a deadly weapon. Following a plea agreement, the trial court deferred adjudicating guilt, placed appellant on three years' community supervision, and assessed a $500 fine. On November 2, 2010, appellant was discharged from community supervision after successfully completing the terms of community supervision. On March 7, 2015, immigration officers detained appellant because a

sentence of deferred adjudication community supervision is a conviction for purposes of federation immigration law. *See* 8 U.S.C. A. § 1101(a)(48)(A) (West 2005).

On April 17, 2015, appellant filed an application for writ of habeas corpus asserting that under *Padilla v. Kentucky*, he received ineffective assistance of counsel due to counsel's failure to inform him of the deportation consequences of his plea.[1]  Appellant alleged that on trial counsel's advice, he accepted a plea agreement for three years' deferred adjudication community supervision.  Appellant alleged trial counsel advised him that he could safely travel to and return from Mexico without suffering any immigration consequences.

The trial court held three evidentiary hearings on the application for writ of habeas corpus.  Leovigilda Avella, appellant's mother, and appellant both testified through an interpreter that counsel told them appellant should plead guilty and receive deferred adjudication community supervision, and that appellant could travel freely to Mexico and return without any immigration worries.  They both testified that Lydia Montes acted as an interpreter for them in meetings with counsel, and that through her translation, counsel told them that appellant would not be deported.  Appellant testified counsel also stated that after appellant completed his "deferred probation," his record "would be clean."  Appellant was arrested by immigration officers in February 2015 after spending "three or four months" in Mexico.  Both Avella and appellant said appellant would not have accepted the plea agreement and pleaded guilty on the advice of counsel had he known he was subject to deportation.

Counsel testified he vaguely recalled appellant being charged with stabbing his mother with scissors, but he could not identify anyone or remember specific details of the case.  Counsel

---

[1]  *Padilla v. Kentucky*, 559 U.S. 356 (2010) held that trial counsel must inform a client whether his plea carries with it a risk of deportation. However, *Padilla* does not apply retroactively to cases prior to 2010.  *See Chaidez v. United States*, 133 S.Ct. 1103, 1113 (2013); *Ex parte De Los Reyes*, 392 S.W.3d 675, 678–79 (Tex. Crim. App. 2013).  Before *Padilla*, counsel did not have an obligation to advise clients on the possible immigration consequences of a plea.  *Ex parte Morrow*, 952 S.W.2d 530, 536 (Tex. Crim. App. 1997).  Although appellant cited *Padilla* in his application for writ of habeas corpus, he does not use *Padilla* to establish his claims of ineffective assistance of counsel on appeal.

said he often used Lydia Montes as an interpreter for clients who did not speak English. Counsel said he would never have told appellant, or any client, that he would not be deported if he received "deferred probation," because the federal government deemed deferred adjudication probation a conviction, and the decision whether to deport an individual was strictly up to "immigration." Counsel also testified that he told his clients their plea–whether guilty, not guilty, or no contest–had no bearing on what the immigration department would do. Counsel said the "plea papers" that appellant signed contained an admonishment about deportation, and that his standard procedure was to "paraphrase" each document and summarize the information within each document.

Lydia Montes testified she provided interpreter services for counsel whenever he needed her. Montes testified she worked for Southwest Airlines and she is not a certified translator, but she translated for counsel during his meetings with appellant and appellant's parents and in the courtroom at each of appellant's trial court hearings. Montes learned about appellant's arrest when his parents asked her if she could recommend a lawyer. During meetings between counsel and appellant's parents, Montes translated the questions and answers of both parties. Montes said she accurately translated counsel's and the family's questions and responses and the courtroom proceedings. She did not recall counsel ever stating to appellant that appellant would not be deported if he pleaded guilty, and she said neither appellant nor his parents mentioned appellant's residency status. Montes said that when appellant's parents asked counsel if appellant would have any problems going to and from Mexico, Walker told them no. Montes did not recall translating the plea paperwork to appellant.

At the conclusion of the hearing, the trial court denied relief on appellant's writ application. On February 2, 2016, the trial court issued written findings of fact that stated

*Padilla* did not apply to appellant's case, the testimony of counsel and Montes was credible, and the testimony of Avella and appellant was not credible. The trial court found that counsel did not inform appellant that appellant would not be deported if he received deferred adjudication; counsel did explain the plea papers to appellant; no one ever inquired about deportation or appellant's residency status at meetings with counsel; and appellant's claim that he would have rejected the plea agreement for deferred adjudication community supervision and gone to trial if he had been informed about the deportation consequences was not credible. The trial court concluded appellant knowingly and voluntarily entered a guilty plea and that at the time of his plea, appellant understood the "possible consequences of his plea."

APPLICABLE LAW

In reviewing the trial court's decision to grant or deny habeas corpus relief, we view the facts in the light most favorable to the trial judge's ruling. *Ex parte Wilson*, 171 S.W.3d 925, 928 (Tex. App.—Dallas 2005, no pet.). We will uphold the trial court's ruling absent an abuse of discretion. *Id*. In conducting our review, we afford almost total deference to the judge's determination of the historical facts that are supported by the record, especially when the fact findings are based on an evaluation of credibility and demeanor. *Id*. We afford the same amount of deference to the trial judge's application of the law to the facts, if the resolution of the ultimate question turns on an evaluation of credibility and demeanor. *Id*. If the resolution of the ultimate question turns on an application of legal standards, we review the determination de novo. *Id*.

To prevail on a claim of ineffective assistance of counsel, an appellant must show both that counsel's representation fell below an objective standard of reasonableness and the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668 (1984); *Lopez v.*

*State*, 343 S.W.3d 137, 142 (Tex. Crim. App. 2011). In the context of a guilty plea, to demonstrate prejudice, the appellant must show that but for counsel's deficient performance, he would not have pleaded guilty and would have insisted on going to trial. *See Ex parte Imoudu*, 284 S.W.3d 866, 869 (Tex. Crim. App. 2009) (citing *Hill v. Lockhart*, 474 U.S. 52, 58 (1985)).

ANALYSIS

Appellant contends counsel was ineffective for advising him that he could travel to and from Mexico and would not be deported if he accepted the plea agreement of three years' deferred adjudication community supervision. Appellant asserts that when his family asked counsel about any immigration consequences of his plea, counsel should have refrained from providing erroneous advice. Appellant argues that because he did not speak or read English, he signed a plea agreement without full knowledge and understanding of the consequences. Further, appellant contends that counsel's use of a friend who was not a certified interpreter shows his ineffectiveness, and but for counsel's erroneous advice, he would not have accepted the plea agreement or entered a guilty plea. The State responds that the trial court acted within its discretion in denying relief because it correctly concluded counsel was not deficient and did not prejudice appellant's defense.

Counsel and appellant presented conflicting evidence regarding whether appellant was told he would be subject to deportation if he pleaded guilty and received deferred adjudication community supervision. When a trial court weighs conflicting evidence, it must make a judgment call on the credibility of the evidence. *See Ex parte Karlson*, 282 S.W.3d 118, 130 (Tex. App.—Fort Worth, 2004). The trial court resolved the conflicts against appellant. The record supports the trial court's findings.

Having reviewed the record under the appropriate standard, we conclude appellant has not shown that counsel's performance was deficient. *See Ex Parte Imoudu*, 284 S.W.3d at 869. Therefore, we conclude the trial court did not abuse its discretion in denying the relief sought by the application for writ of habeas corpus. *See Peterson*, 117 S.W.3d at 819. We overrule appellant's issues.

We affirm the trial court's order denying appellant the relief sought by his application for writ of habeas corpus.

/Douglas S. Lang/
DOUGLAS S. LANG
JUSTICE

Do Not Publish
TEX. R. APP. P. 47
151452F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

EX PARTE GERARDO AVELLA
YANEZ

No. 05-15-01452-CR

Appeal from the 282nd Judicial District
Court of Dallas County, Texas (Tr.Ct.No.
WX15-90005-S).
Opinion delivered by Justice Lang, Chief
Justice Wright and Justice Brown
participating.

Based on the Court's opinion of this date, the trial court's order denying the relief sought by the application for writ of habeas corpus is **AFFIRMED**.

Judgment entered this 13th day of April, 2016.