**Reverse and Remand; Opinion Filed June 8, 2016.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

No. 05-15-01521-CR
No. 05-15-01522-CR
No. 05-15-01523-CR

## EX PARTE ANDREW PETE

**On Appeal from the 292nd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause Nos. F12-33559-V, F12-33560-V, F12-33561-V**

## MEMORANDUM OPINION

Before Justices Francis, Evans, and Stoddart
Opinion by Justice Stoddart

A jury found Andrew Pete guilty of three charges of aggravated sexual assault of a child younger than fourteen years of age, and the cases proceeded to punishment. After several witnesses, including appellant, testified but before the cases were delivered to the jury, the trial court granted appellant's motion for mistrial, but as to punishment only. The question presented in these cases is whether the trial court had authority to limit the mistrial to punishment only. We conclude it did not. Accordingly, we reverse the trial court's order denying habeas corpus relief and remand the cases for further proceedings.

BACKGROUND

Appellant pleaded not guilty to three charges of aggravated sexual assault of a child younger than fourteen years of age. The jury found him guilty. During the punishment phase, the jury heard testimony from four State's witnesses and four defense witnesses. When appellant stood up to testify, the jury saw that he was wearing shackles. The trial court directed the bailiff to escort the jury out and recessed the proceedings for an hour. When the trial resumed, appellant, outside the jury's presence, moved for a mistrial. The trial court took the motion for mistrial under advisement and ordered the trial to continue. At the end of appellant's testimony, the trial court again recessed the proceedings for an hour. The trial court, outside the jury's presence, granted appellant's motion for mistrial "with regard to the punishment phase."

When the trial court sought a new date for jury selection on punishment, appellant filed an application for writ of habeas corpus and motion to reinstate bond, asserting the trial court lacked the authority to order a mistrial as to punishment only. Appellant also argued that because a mistrial granted after a guilty verdict but before sentencing restored the case to its original posture before trial, his bond should be reinstated. Following a hearing, the trial court denied relief on appellant's writ of habeas corpus and motion to reinstate bond.

STANDARD OF REVIEW

In reviewing the trial court's decision to grant or deny habeas corpus relief, we view the facts in the light most favorable to the trial judge's ruling. *Ex parte Martin*, 6 S.W.3d 524, 526 (Tex. Crim. App. 1999); *Ex parte Wilson*, 171 S.W.3d 925, 928 (Tex. App.—Dallas 2005, no pet.). If the resolution of the ultimate question turns on an application of legal standards, and not on credibility and demeanor, we review the determination de novo. *Id*. Because the trial judge is

not in an appreciably better position than the reviewing court to make the legal determination, a de novo review is appropriate. *Guzman v. State*, 955 S.W.2d 85, 87 (Tex. Crim. App. 1997).

ANALYSIS

Appellant contends the trial court erred by denying him relief on his application for writ of habeas corpus and motion to reinstate bond. Appellant asserts that a post-verdict mistrial is the "functional equivalent" of an order granting a new trial and, as such, returns the cases to the point before the trial began. Appellant argues that because the trial court had no authority to grant a mistrial as to the punishment phase only, this Court should remand these cases back to the trial court for a new trial and that his bond should be reinstated. Appellant cites to *State v. Hight*, 907 S.W.2d 845 (Tex. Crim. App. 1995) and *State v. Bounhiza*, 294 S.W.3d 780 (Tex. App.—Austin 2009, no pet.) in support of his argument that a trial court does not have the authority to limit a mistrial as to the punishment phase only. He cites to *State v. Huseman*, 17 S.W.3d 704 (Tex. App.—Amarillo, 1999, pet. ref'd) in support of his claim that a post-verdict mistrial is the functional equivalent of an order granting a new trial.

The State responds that the trial court did not abuse its discretion by denying habeas relief because it had authority to grant the mistrial as to punishment only. The State argues that the error occurred during the punishment phase and impacted only punishment; thus, the trial court rightly granted the mistrial as to punishment only. The State asserts that article 37.07 of the code of criminal procedure expressly permits a trial court to grant punishment-only mistrials when the jury deadlocks during the punishment phase, and nothing prohibits a trial court from granting punishment-only mistrials in circumstances other than a deadlocked jury. The State asserts that when error occurs at punishment, rule 21 limits the trial court to granting a new trial on punishment only. TEX. R. APP. P. 21.3. Therefore, the State contends, the granting of the

-3-

mistrial in these cases should not place the cases back to their original posture. The State further asserts that the law upon which appellant relies is no longer good because amendments to rule 21, allowing trial courts to grant punishment-only mistrials when error occurs during the punishment phase, became effective in 2007. *See State v. Davis*, 349 S.W.3d 535, 537 (Tex. Crim. App. 2011).

We conclude the State's reliance on article 37.07, section 3 and rule 21 is misplaced. Article 37.07, section 3 provides:

> If the jury finds the defendant guilty and the matter of punishment is referred to the jury, the verdict shall not be complete until a jury verdict has been rendered on both the guilt or innocence of the defendant and the amount of punishment. In the event the jury shall fail to agree on the issue of punishment, a mistrial shall be declared only in the punishment phase of the trial, the jury shall be discharged, and no jeopardy shall attach. The court shall impanel another jury as soon as practicable to determine the issue of punishment.

*See* TEX. CODE CRIM. PROC. ANN. art. 37.07, § 3(c) (West Supp. 2015). In these cases, the mistrial was declared before the cases were submitted to the jury. Thus, the jury never had the opportunity to agree or disagree on punishment, and article 37.07, section 3 is not implicated.

The State also argues that 2007 amendments to rule 21 now allow a trial court to conduct a "new trial on punishment" after the trial court has, on a defendant's motion, set aside an assessment of punishment without setting aside a finding or verdict of guilt. Rule 21.1(b) provides:

> *New trial on punishment* means a new hearing of the punishment stage of a criminal action after the trial court has, on the defendant's motion, set aside an assessment of punishment without setting aside a finding or verdict of guilt.

TEX. R. APP. P. 21.1(b).

However, because punishment was never assessed in these cases, rule 21.1(b) does not provide authority for allowing a mistrial as to punishment only. *See id.*

Because these cases resulted in a mistrial before they were given to the jury and before punishment was assessed, there was no statutory or rule-based authority for the trial court to grant the mistrial as to punishment only. When a mistrial is declared, the proceedings before the granting of the mistrial become legally ineffective, and the case stands as it did before the mistrial was declared. *See Bullard v. State*, 331 S.W.2d 222, 223 (Tex. Crim. App. 1960). Therefore, when the trial court granted the post-verdict mistrial, the cases were returned to their position before trial. We sustain appellant's issues.

We reverse the trial court's order denying the application for writ of habeas corpus and remand these cases to the trial court for further proceedings consistent with our opinion.

/Craig Stoddart/
CRAIG STODDART
JUSTICE

Do Not Publish
TEX. R. APP. P. 47
151521F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

EX PARTE ANDREW PETE

No. 05-15-01521-CR

Appeal from the 292nd Judicial District Court of Dallas County, Texas (Tr.Ct.No. F12-33559-V).
Opinion delivered by Justice Stoddart, Justices Francis and Evans participating.

Based on the Court's opinion of this date, the trial court's order denying the relief sought by the application for writ of habeas corpus is **REVERSED** and the case is **REMANDED** to the trial court for further proceedings.

Judgment entered this 8th day of June, 2016.



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

EX PARTE ANDREW PETE

No. 05-15-01522-CR

Appeal from the 292nd Judicial District
Court of Dallas County, Texas (Tr.Ct.No.
F12-33560-V).
Opinion delivered by Justice Stoddart,
Justices Francis and Evans participating.

Based on the Court's opinion of this date, the trial court's order denying the relief sought by the application for writ of habeas corpus is **REVERSED** and the case is **REMANDED** to the trial court for further proceedings.

Judgment entered this 8th day of June, 2016.



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

EX PARTE ANDREW PETE

No. 05-15-01523-CR

Appeal from the 292nd Judicial District
Court of Dallas County, Texas (Tr.Ct.No.
F12-33561-V).
Opinion delivered by Justice Stoddart,
Justices Francis and Evans participating.

Based on the Court's opinion of this date, the trial court's order denying the relief sought by the application for writ of habeas corpus is **REVERSED** and the case is **REMANDED** to the trial court for further proceedings.

Judgment entered this 8th day of June, 2016.