**AFFIRMED; Opinion Filed August 17, 2016.**



In The

## Court of Appeals
## Fifth District of Texas at Dallas

### No. 05-16-00396-CR

### EX PARTE STEPHEN MATTHEW POLITO

**On Appeal from the 219th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 219-80376-2012**

## MEMORANDUM OPINION
Before Justices Lang, Brown, and Whitehill
Opinion by Justice Lang

Stephen Matthew Polito appeals the trial court's order denying relief on his application for writ of habeas corpus. In three issues, appellant contends (1) the trial court erred by denying his ineffective assistance of counsel claim, (2) erred by not holding a hearing on his ineffective counsel claims, and (3) that section 724.012(b) of the Texas Transportation Code is unconstitutional. We overrule appellant's issues and affirm the trial court's order.

BACKGROUND

In February 2012, appellant was indicted for felony driving while intoxicated. *See* TEX. PENAL CODE ANN. §§ 49.04(a), 49.09(b)(2) (West Supp. 2015). After the trial court denied appellant's motion to suppress, appellant waived a jury and pleaded guilty, reserving his right to appeal the ruling on the motion to suppress. Pursuant to a plea agreement, the trial court assessed punishment at six years' imprisonment, probated for six years, and a $500 fine.

Appellant appealed his conviction. On January 30, 2014, this Court affirmed appellant's conviction. *Polito v. State*, No. 05-12-01720-CR, 2014 WL 348533 (Tex. App.—Dallas Jan. 30, 2014, pet. ref'd) (not designated for publication). On March 7, 2014, appellant filed a motion for rehearing with this Court, which was denied on March 24, 2014. Appellant's petition for discretionary review with the Court of Criminal Appeals was due by April 24, 2014, but appellant's counsel did not file the petition until July 9, 2014. The Court of Criminal denied the petition as untimely filed.

Thereafter appellant filed an application for writ of habeas corpus asserting three claims: (1) that counsel provided ineffective assistance because counsel filed the petition for discretionary review late, (2) counsel failed to challenge the constitutionality of the mandatory blood draw statute, and (3) section 74.012(b) of the Texas Transportation Code is unconstitutional on its face and as applied. After considering appellant's application for writ of habeas corpus and the State's written response, the trial court signed the following findings of fact and conclusions of law:

> (1) the constitutional challenges to section 724.012(b) of the Texas Transportation Code that applicant alleges his counsel should have made at the suppression hearing were not common at the time of applicant's guilty plea,
> (2) counsel could not have predicted that in the future searches conducted under section 724.012(b) would be held to violate the Fourth Amendment,
> (3) the law regarding warrantless searches pursuant to the statute was not settled at the time of applicant's guilty plea,
> (4) applicant has not shown by a preponderance of evidence that counsel was deficient for failing to challenge the constitutionality of section 724.012(b) of the Texas Transportation Code,
> (5) the statute has not been declared facially unconstitutional, and
> (6) applicant cannot raise his challenge to the constitutionality of the statute for the first time in an application for writ of habeas corpus.

The trial court denied appellant's application for writ of habeas corpus.

APPLICABLE LAW

In reviewing the trial court's decision to grant or deny habeas corpus relief, we view the facts in the light most favorable to the trial judge's ruling. *Ex parte Wilson*, 171 S.W.3d 925, 928 (Tex. App.—Dallas 2005, no pet.). We will uphold the trial court's ruling absent an abuse of discretion. *Id.* In conducting our review, we afford almost total deference to the trial court's determination of the historical facts that are supported by the record, especially when the fact findings are based on an evaluation of credibility and demeanor. *Id.* We afford the same amount of deference to the trial court's application of the law to the facts, if the resolution of the ultimate question turns on an evaluation of credibility and demeanor. *Id.* If the resolution of the ultimate question turns on an application of legal standards, we review the determination de novo. *Id.*

To prevail on a claim of ineffective assistance of counsel, an appellant must show both that counsel's representation fell below an objective standard of reasonableness and the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668 (1984); *Lopez v. State*, 343 S.W.3d 137, 142 (Tex. Crim. App. 2011). In the context of a guilty plea, to demonstrate prejudice, the appellant must show that but for counsel's deficient performance, he would not have pleaded guilty and would have insisted on going to trial. *See Ex parte Imoudu*, 284 S.W.3d 866, 869 (Tex. Crim. App. 2009) (citing *Hill v. Lockhart*, 474 U.S. 52, 58 (1985)).

INEFFECTIVE COUNSEL CLAIM

In his first issue, appellant contends the trial court erred in denying his ineffective assistance of counsel claim because counsel failed to raise a Fourth Amendment complaint to the warrantless blood draw required by section 724.012(b). Appellant asserts counsel did not challenge the constitutionality of section 724.012(b) in the motion to suppress, and appellant cites *McNeely* and *Villareal* for their holdings that mandatory blood draw statutes are unconstitutional. *See Missouri v. McNeely*, 133 S.Ct. 1552, 1568 (2013); *State v. Villareal*, 475

S.W.3d 784, 815 (Tex. Crim. App. 2015). Appellant argues that had counsel made the constitutional argument, the result would have been either suppression of the blood test results or reversal on appeal. The State responds trial counsel should not be held ineffective for failing to make a constitutional challenge based on law that did not exist and in an area of law that was not settled.

The United States Supreme Court's held in *McNeely* that the natural dissipation of alcohol in the bloodstream does not always present an exception to the warrant requirement for nonconsensual blood testing in DWI cases. *McNeely*, 133 S.Ct. at 1568. Whether exigent circumstances exist must be determined on a case-by-case basis, considering the totality of the circumstances. *Id*. at 1556. Here, the record supports the trial court's findings that the law regarding warrantless searches pursuant to a statute was not settled at the time appellant entered his guilty plea. *McNeely* was decided in April 2013 and *Villareal* was decided in December 2015. As the trial court noted in its findings, counsel "could not have predicted that in the future searches conducted under section 724.012(b) would be held to violate the Fourth Amendment." We conclude appellant has not shown that counsel's performance was deficient. *See Ex Parte Imoudu*, 284 S.W.3d at 869. We overrule appellant's first issue.

In his second issue, appellant contends the trial court erred in not holding a hearing on his ineffective counsel claims. The State responds that appellant has not provided any argument regarding why he was entitled to a hearing in this case.

A trial court may order a hearing when someone files an application for writ of habeas corpus seeking relief from a judgment of conviction ordering community supervision. *See* TEX. CODE CRIM. PROC. ANN. art. 11.072, § 6(b) (West 2015). A trial court, however, is not required to hold oral hearings in order to determine whether to deny a 11.072 writ of habeas corpus alleging ineffective assistance of counsel. *See Ex parte Cummins*, 169 S.W.3d 752, 757–58

(Tex. App.—Fort Worth 2005, no pet.). Therefore, the trial court did not err in not conducting a hearing on appellant's application for writ of habeas corpus. We conclude the trial court did not abuse its discretion in denying the relief sought by the application for writ of habeas corpus. *See Peterson*, 117 S.W.3d at 819. We overrule appellant's second issue.

TRANSPORTATION CODE

In his third issue, appellant contends section 724.012(b) of the Texas Transportation Code is unconstitutional on its face and as applied to him. Appellant argues the statute violates the Fourth Amendment because it provides for a mandatory blood draw in certain circumstances without a warrant or consent. Appellant asserts he can raise this challenge for the first time on his writ of habeas corpus because the statute has been held to be unconstitutional.

Section 724.012(b) requires a peace officer to take a specimen of blood or breath of a driver arrested for DWI who refuses to consent to the specimen if, at the time of arrest, the officer possesses or receives reliable information that the person has been convicted at least twice before or put on community supervision for DWI. *See* TEX. TRANSP. CODE ANN. § 724.012(b) (West 2011). This statute has not been declared facially unconstitutional, rather some warrantless searches conducted pursuant to its provisions have been held to violate the Fourth Amendment. *See, e.g., State v. Swan*, 483 S.W.3d 760, 767 (Tex. App.—Fort Worth 2016, no pet.); *Perez v. State*, 464 S.W.3d 34 (Tex. App.—Houston [1st Dist.] 2016, pet. ref'd); *Sutherland v. State*, 436 S.W.3d 28, 39 (Tex. App.—Amarillo 2014, pet. ref'd). And, an appellant may not raise a facial challenge to the constitutionality of a statute for the first time in a post-conviction writ of habeas corpus. *See Karenev v. State*, 281 S.W.3d 428, 434 (Tex. Crim. App. 2009). We overrule appellant's third issue.

We affirm the trial court's order denying appellant the relief sought by his application for writ of habeas corpus.

/Douglas S. Lang/
DOUGLAS S. LANG
JUSTICE

Do Not Publish
TEX. R. APP. P. 47
160396F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

EX PARTE: STEPHEN MATTHEW
POLITO

No. 05-16-00396-CR

On Appeal from the 219th Judicial District
Court, Collin County, Texas
Trial Court Cause No. 219-80376-2012.
Opinion delivered by Justice Lang. Justices
Brown and Whitehill participating.

Based on the Court's opinion of this date, the trial court's order denying the relief sought by the application for writ of habeas corpus is **AFFIRMED**.

Judgment entered this 17th day of August, 2016.