**Ex parte Sam Eddie NELSON, Jr., Applicant.**

**No. 74818.**

Court of Criminal Appeals of Texas, En Banc.

June 23, 2004.

Sam Eddie Nelson, Jr., pro se.

John C. Paschall, DA, Franklin, Matthew Paul, State's Atty., Austin, for State.

Before the court en banc.

WOMACK, J., delivered the opinion of the Court, in which KELLER, P.J., and PRICE, JOHNSON, KEASLER, HERVEY and COCHRAN, JJ., joined.

Sam Eddie Nelson, Jr. seeks the writ of habeas corpus to have a deadly-weapon finding removed from the judgment of his conviction. Because he failed to raise this complaint on appeal, we hold that the writ is not available to him now.

On March 27, 1994, police officers who were investigating a report of a fight in a saloon found a handgun in Nelson's pocket. A grand jury presented an indictment of Nelson for the felony offense of unlawfully carrying a handgun on premises licensed for the sale and service of alcoholic beverages. The indictment also alleged that he had been convicted on October 6, 1982, of felony theft. That allegation increased the range of punishment to a maximum of twenty years in prison.

Because Nelson had been convicted of that felony, as well as another that was not mentioned in the indictment, he was not able to plead and prove under oath that he was eligible for a jury's recommendation of probation by virtue of having "not previously been convicted of a felony in this or any other state." [1] Instead he waived trial

---

1. TEX.CODE CRIM. PROC. art. 42.12, § 4(e).

by jury, pleaded guilty without a plea-bargain agreement, and asked the court to give him probation. This the court did on March 20, 1995, sentencing him to five years in prison suspended for a period of five years. The court entered in the judgment an affirmative finding that a deadly weapon was used in the commission of the offense.

The entry of that finding could have been a ground of complaint on appeal by Nelson or the State. For one thing, there is some question whether an offense of carrying a firearm will support such an affirmative finding.[2] For another, suspension of the sentence may have been improper; the statute that authorizes a judge to order probation without the recommendation of a jury does not apply to a defendant in a case in which the court affirmatively finds that the defendant used a deadly weapon.[3] Neither party appealed, though.

On October 6, 1997, Nelson was back in court to face the State's motion to revoke his probation. The motion alleged that he had violated the conditions of probation by committing five felony offenses (four of which were felonies of the second degree), by committing two misdemeanor offenses, by failing to report his arrests for offenses, by failing to report to the probation officer eleven times, by leaving the county without permission, by failing to pay any of his monthly supervision fees or his court costs, and by failing to perform any community service. Nelson told the court that he had committed all those violations. The court sentenced him to five years in prison. The judgment again contained an affirmative finding of use of a deadly weapon. Nelson could have appealed, but again he did not.

On June 12, 2000, Nelson filed his application for post-conviction, habeas-corpus relief in the district court. It challenged only the affirmative finding that he had used a deadly weapon in committing the offense of unlawfully carrying a handgun on licensed premises.

We have granted habeas corpus relief in a similar case, *Ex parte Petty*, 833 S.W.2d 145 (Tex.Cr.App.1992). There we held that "the holding in *Patterson* [*v. State*, 769 S.W.2d 938 (Tex.Cr.App.1989),] dictates that the affirmative finding of the use of a deadly weapon was error."[4] We did not discuss the question, whether a habeas-corpus applicant like Petty could raise for the first time a claim of error like the one that Patterson raised on his direct appeal.

 We have said countless times that habeas corpus cannot be used as a substitute for appeal, and that it may not be used to bring claims that could have been brought on appeal.

It is well-settled "that the writ of habeas corpus should not be used to litigate matters which should have been raised on direct appeal." *Ex parte Goodman*, 816 S.W.2d 383, 385 (Tex.Cr.App.1991); *see Ex parte Groves*, 571 S.W.2d 888, 890 (Tex.Cr.App.1978) (habeas corpus does not lie as a substitute for an appeal).[5]

Nelson could have appealed the judgment that suspended his sentence and put him on probation in 1995. He did not. He got a sentence of no more than five years,

---

**2.** *See Ex parte Petty*, 833 S.W.2d 145 (Tex.Cr. App.1989) (affirmative finding was error in a case of unlawful possession of firearm by felon when no associated felony was facilitated by the possession of the deadly weapon).

**3.** *See* Tex.Code Crim. Proc. art. 42.12, § 3g(a)(2).

**4.** *Petty*, 833 S.W.2d, at 146.

**5.** *Ex parte Gardner*, 959 S.W.2d 189, 199 (Tex. Cr.App.1998).

and it was suspended when, on the face of the judgment, suspension was not authorized.

When his probation was revoked, he was accused of one offense that could have been punished by imprisonment for twenty years and other offenses that carried punishments of imprisonment for life—offenses of which he said he was guilty. He was sentenced to five years. He could have appealed. But he did not.

■ After getting to prison, he has invoked *Ex parte Petty*, a decision of this Court that, for no recorded reason and contrary to our well-settled doctrines, permitted the writ of habeas corpus to be used as a substitute for appeal. Upon consideration of these doctrines, we hold that persons like Petty and Nelson, who could have complained of such errors in their judgments by appeal, may not raise such complaints for the first time on habeas corpus.

The relief requested in this application is denied.

HOLCOMB, J., concurred in the judgment.

MEYERS, J., filed a dissenting opinion.

MEYERS, J., dissenting opinion.

I respectfully dissent. Again, I disagree with the Court's decision to effectively do away with the writ process in Texas. I reiterate the concerns that I expressed in my dissenting opinion in *Ex Parte Townsend*, 137 S.W.3d 79, 2004 WL 1336906 (Tex.Crim.App. No. 74,764, delivered June 16, 2004)(Meyers, J., dissenting).