

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-67,986-02

### EX PARTE DAVID SHAWN JOHNSON, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 1234531D
### IN THE 372ND JUDICIAL DISTRICT COURT FROM TARRANT COUNTY

*PER CURIAM.*

## O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of possession of a prohibited weapon and was sentenced to nine years' imprisonment.

Applicant contends that his sentence is illegal because there is an improper deadly weapon finding on the judgment. On November 17, 2015, the trial court signed the State's proposed findings of fact and conclusions of law recommending that relief be granted and the judgment be reformed.

Applicant may be entitled to relief. *Ex parte Petty*, 833 S.W.2d 145 (Tex. Crim. App. 1992).

However, habeas should not be used as a substitute for other avenues of relief. *See Ex Parte Nelson*, 137 S.W.3d 666 (Tex. Crim. App. 2004). It appears from the record that the deadly weapon finding was a clerical error. There is no indication of any judicial reasoning that led to the finding being placed on the judgment. The indictment does not allege a deadly weapon finding, nor does the plea bargain agreement reference such a finding. The trial court can correct this error by filing a judgment nunc pro tunc deleting the deadly weapon finding. Habeas relief should not be used as a substitute for such proceedings.

Based on this Court's independent review of the entire record, we deny relief.

Filed: December 16, 2015
Do not publish