**AFFIRM; and Opinion Filed February 10, 2017.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-16-01243-CR

### EX PARTE JAY SANDON COOPER

**On Appeal from the County Court at Law No. 1**
**Grayson County, Texas**
**Trial Court Cause No. 2011-2-1391**

## MEMORANDUM OPINION
Before Justices Francis, Lang-Miers, and Whitehill
Opinion by Justice Francis

Jay Sandon Cooper appeals the trial court's order denying his application for writ of habeas corpus. In three issues, appellant contends his conviction resulted from the jury's unfavorable impression of him left by the State's witnesses, the trial judge's personal bias against him, and ineffective assistance of counsel. We affirm the trial court's order.

A jury convicted appellant of driving while intoxicated and assessed punishment at confinement in the county jail for thirty days and a $2,000 fine. On appeal to this Court, appellant failed to file a brief or respond to the Court's order requesting a brief. In our January 8, 2015 opinion, absent briefs, we addressed no issues, found no fundamental and affirmed the trial court's judgment. On September 28, 2015, the mandate issued. Appellant filed his application for writ of habeas corpus on September 29, 2016, and on the next day, the trial court denied it without hearing.

An applicant for habeas corpus relief must prove his claim by a preponderance of the evidence. *Kniatt v. State*, 206 S.W.3d 657, 664 (Tex. Crim. App. 2006). In reviewing the trial court's order, we view the facts in the light most favorable to the trial court's ruling, and we uphold the ruling absent an abuse of discretion. *Id.* A court reviewing the trial court's fact findings affords almost total deference to findings supported by the record, especially when those findings are based upon credibility and demeanor. *State v. Guerrero*, 400 S.W.3d 576, 583 (Tex. Crim. App. 2013). If the resolution of the ultimate question turns on an application of legal standards, we review the determination de novo. *Ex parte Peterson*, 117 S.W.3d 804, 819 (Tex. Crim. App. 2003) (per curiam), *overruled on other grounds by Ex parte Lewis*, 219 S.W.3d 335 (Tex. Crim. App. 2007)

In his first issue, appellant contends untruthful testimony from the State's witnesses influenced the jury and deprived him of due process of law. In his second issue, appellant argues the trial judge's personal bias against him, revealed post-trial by the personal attacks against him contained in the trial court's findings, deprived him of a fair trial.

Appellant's complaints about the credibility of witness testimony and the trial court's alleged bias should have been brought on direct appeal and are not cognizable on habeas corpus. *See Ex parte Nailor*, 149 S.W.3d 125, 131 (Tex. Crim. App. 2004) (claims raised and rejected on direct appeal are generally not cognizable on habeas corpus); *Ex parte Nelson*, 137 S.W.3d 666, 667 (Tex. Crim. App. 2004) (habeas corpus may not be used to bring claims that could have been brought on direct appeal). Accordingly, we overrule appellant's first and second issues.

In his third issue, appellant contends he received ineffective assistance of counsel at trial. To obtain habeas corpus relief on the ground of ineffective assistance of counsel, appellant must show (1) counsel's performance fell below an objective standard of reasonableness; and (2) a reasonable probability exists that, but for counsel's errors, the result would have been different.

*See Strickland v. Washington*, 466 U.S. 668, 687–88, 694 (1984); *Ex parte Bryant*, 448 S.W.3d 29, 39–40 (Tex. Crim. App. 2014). Appellant bears the burden of proving counsel was ineffective by a preponderance of the evidence. *See Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999).

To satisfy his burden under the first prong of the test, appellant must overcome a strong presumption that counsel's performance fell within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 689. Our review must be highly deferential to trial counsel and avoid the deleterious effects of hindsight. *Id*. We presume trial counsel's performance conformed to prevailing professional norms and that the challenged actions might be part of a sound trial strategy. *Bryant*, 448 S.W.3d at 39. Trial counsel should ordinarily be given the opportunity to explain his actions. *Menefield v. State*, 363 S.W.3d 591, 593 (Tex. Crim. App. 2012). When trial counsel is not afforded the opportunity to explain, the reviewing court finds counsel's performance deficient only if the conduct was so outrageous that no competent attorney would have engaged in it. *Id*.

Under the second prong of the test, a reasonable probability is a probability sufficient to undermine confidence in the outcome. *Strickland*, 466 U.S. at 694. It is not sufficient for appellant to show the errors had some conceivable effect on the outcome of the trial; he must show that absent the errors, there is a reasonable probability the jury would have had reasonable doubt about his guilt. *Perez v. State*, 310 S.W.3d 890, 894 (Tex. Crim. App. 2010) (citing *Strickland*, 466 U.S. at 693, 695).

In his application for writ of habeas corpus, appellant contends he received ineffective assistance of counsel at trial because defense counsel failed to (1) seek a motion to compel production of the video recording of appellant in the intoxilyzer room, (2) object to the introduction of the video recording of the arrest and argue the recording was modified and no

chain of custody was shown, (3) file a motion in limine even after being invited to do so, (4) introduce the transcript of an Administrative License Review (ALR) hearing into evidence for the jury to consider, (5) challenge conflicts between the arresting officer's trial testimony and his testimony at the ALR hearing, and (6) make certain that documents relevant to appellant's defense inspected in camera were placed in a sealed envelope in the clerk's file.

Here, appellant has not shown trial counsel rendered ineffective assistance in accord with either prong of *Strickland*. Nothing in the record shows trial counsel's performance did not conform to prevailing professional norms. *Bryant*, 448 S.W.3d at 39. Counsel is not ineffective for failing to make frivolous objections. *Edmond v. State*, 116 S.W.3d 110, 115 (Tex. App. 2002). The record fails to show a video recording of the intoxilyzer room was available. The intoxilyzer room operator testified the room had a video camera but he did not know whether or not the camera was operating at the time he administered the three breath tests to appellant. Likewise, the record fails to show the video recording of the traffic stop and appellant's subsequent arrest was modified or somehow inadmissible due to a faulty chain of custody.

Appellant has not shown counsel was ineffective for failing to file a motion in limine. During a bond hearing, the trial judge stated appellant had filed several pro se motions, including a motion in limine, before counsel was appointed, but because counsel had been appointed, some of appellant's pro se motions were moot. The trial judge asked counsel if he planned to re-file any of the motions and how he wanted to proceed. Counsel stated he needed time to ascertain which motions were filed by appellant and which were filed by a previous attorney, and he wanted to proceed on the previous counsel's motion to reinstate appellant's bond and would decide on other motions at a later date. Counsel's reasons for his actions or intentions do not appear in the record, and his conduct could have been part of a reasonable trial strategy. *See Garza v. State*, 213 S.W.3d 338, 348 (Tex. Crim. App. 2007).

The transcript from a hearing on appellant's driver license suspension is irrelevant to his prosecution for DWI and therefore inadmissible. *See* TEX. R. EVID. 402. Trial counsel cannot be ineffective for failing to offer inadmissible evidence. *See  Coleman v. State*, 188 S.W.3d 708, 724–25 (Tex. App. 2005). Moreover, appellant's complaint about counsel's failure to make certain documents (inspected in camera) a part of the clerk's file is without merit. The document appellant references is the arresting officer's personnel file. We agree with the trial court's findings that those documents are irrelevant to appellant's DWI case. We conclude appellant has not satisfied the first prong of *Strickland. Strickland*, 466 U.S. at 689.

Further, appellant has not shown a reasonable probability that but for counsel's alleged ineffective performance, the outcome of the proceeding would have been different. *Strickland*, 466 U.S. at 689. The jury had ample evidence with which to return a guilty verdict, including testimony from appellant, the arresting officer, the intoxilyzer room operator, an expert testifying about the intoxilyzer machine, and an officer testifying about the radar used to track a vehicle's speed. The jury also watched the video recording from the traffic stop and appellant's arrest, and viewed the printed results from appellant's three breath tests made in the intoxilyzer room. We conclude appellant has not met his burden to show by a preponderance of the evidence that counsel was ineffective. *See Thompson*, 9 S.W.3d at 813.

We affirm the trial court's order denying the relief sought by appellant's application for writ of habeas corpus.

/Molly Francis/
Do Not Publish                                    MOLLY FRANCIS
TEX. R. APP. P. 47                              JUSTICE

161243F.U05

–5–



## Court of Appeals
## Fifth District of Texas at Dallas
# JUDGMENT

EX PARTE JAY SANDON COOPER

No. 05-16-01243-CR

On Appeal from the County Court at Law No. 1, Grayson County, Texas
Trial Court Cause No. 2011-2-1391.
Opinion delivered by Justice Francis.
Justices Lang-Miers and Whitehill participating.

Based on the Court's opinion of this date, the trial court's order denying the relief sought by the application for writ of habeas corpus is **AFFIRMED**.

Judgment entered this 10th day of February, 2017.