**Opinion filed June 28, 2018**



In The

# Eleventh Court of Appeals

_____

## No. 11-18-00018-CR

_____

## EX PARTE TIMOTHY PATRICK LEE

**On Appeal from the County Court**
**Gaines County, Texas**
**Trial Court Cause No. 18,832**

## M E M O R A N D U M   O P I N I O N

Timothy Patrick Lee, pro se, appeals from the denial of his application for writ of habeas corpus. We affirm.

Lee seeks relief from a 2014 judgment of conviction for the Class B misdemeanor offense of driving while intoxicated. Lee pleaded guilty to the offense, and the trial court assessed Lee's punishment in accordance with the terms of his plea agreement at 100 days in the county jail. Lee filed an application for writ of habeas corpus in which he sought relief pursuant to "Article 11.09." *See* TEX. CODE CRIM. PROC. ANN. art. 11.09 (West 2005); *see also Ex parte Schmidt*, 109 S.W.3d 480, 481 (Tex. Crim. App. 2003) (holding that Article 11.09 does not limit county

court's jurisdiction to misdemeanor cases in which the applicant is confined). Lee asserted seven grounds in his application: (1) that he was not operating a motor vehicle in a public place while he was intoxicated; (2) that no field sobriety tests were administered; (3) that his blood was drawn illegally; (4) that his plea was entered unknowingly and involuntarily, in part because his "attorney at the time was not a licensed attorney"; (5) that he is restrained by collateral consequences of the conviction; (6) that he received ineffective assistance of counsel; and (7) that the implied consent statute did not apply. Lee did not attach any documents to his application, nor did he specify any particular conduct that would indicate his attorney's performance was deficient.

The State did not file a response to Lee's application, and the trial court did not conduct a hearing on the matter. Instead, the trial court entered an order denying the habeas corpus relief sought by Lee. In its order, the trial court stated in part:

> The Court would refer the Defendant to the Court's response to the Defendant's Request for Discovery, that on review of the Defendant's file, the Court took judicial note of the Defendant's motions and the other records on file. The Court noted that the Defendant was represented by a Texas Tech law student, who was under the supervision of a member of the Texas Tech Law School faculty. The Court noted that the Defendant initialed the relevant paragraphs of the Guilty Plea Affidavit; at the time he stated he was totally satisfied with his attorney, he waived the pre-sentence investigation and report, he initialed the Judicial Confession, thereby confirming he was guilty of the charges against him, he waived all other rights recognized under the law, including his right of appeal. The Defendant signed the Guilty Plea Affidavit, and the page bears his thumb print. The Court notes that the Guilty Plea Affidavit was also signed by both the law student and the supervising faculty. The Court finds that the punishment assessed falls with the sentencing guidelines of the State of Texas for a Class B Misdemeanor. . . .
>
> Consequently, the Petition for Writ of Habeas Corpus . . . is hereby DENIED.

Although the trial court did not hold a hearing, it appears from the language of the order that the trial court ruled on the merits of Lee's claims. *See Ex parte Hargett*, 819 S.W.2d 866, 868–69 (Tex. Crim. App. 1991), *superseded in part by statute*, CRIM. PROC. art. 11.072, §§ 4, 8, *as recognized in Ex parte Villanueva*, 252 S.W.3d 391, 397 (Tex. Crim. App. 2008) (addressing jurisdiction of court of appeals). Of particular note is the trial court's statement—in direct response to Lee's fourth ground for relief—about who represented Lee in the underlying DWI case. Also of note is the trial court's indication that it had reviewed the records on file.

On appeal, Lee makes arguments similar to the complaints that he presented in his application. To prevail on a writ of habeas corpus, the applicant must prove his allegations by a preponderance of the evidence. *Kniatt v. State*, 206 S.W.3d 657, 664 (Tex. Crim. App. 2006); *Ex parte Adams*, 768 S.W.2d 281, 287–88 (Tex. Crim. App. 1989). We review a trial court's ruling on an application for a writ of habeas corpus under an abuse-of-discretion standard. *Kniatt*, 206 S.W.3d at 664. In conducting our review, we accord great deference to the trial court's findings. *Ex parte Amezquita*, 223 S.W.3d 363, 367 (Tex. Crim. App. 2006). Furthermore, habeas corpus may not be used to bring claims that could have been brought on direct appeal. *Ex parte Nelson*, 137 S.W.3d 666, 667 (Tex. Crim. App. 2004).

Article 11.09 does not require that a trial court conduct a hearing or make written findings of fact and conclusions of law when ruling on an application for writ of habeas corpus brought under that section. *Ex parte Oliver*, No. 05-09-00611-CR, 2009 WL 3210710, at *2 (Tex. App.—Dallas Sept. 21, 2009, pet. ref'd) (not designated for publication). The trial court indicated that it had reviewed the record prior to ruling on Lee's application. We have also reviewed the record, including the guilty plea affidavit signed by Lee, the trial judge, and all counsel. The guilty plea affidavit contains various admonishments and waivers. Nothing before this

court suggests that Lee met his burden to show that he is entitled to habeas corpus relief. *See id.* at *3.

In light of the record before us, we cannot conclude that the trial court erred when it denied the relief sought by Lee in his application for writ of habeas corpus. We have considered all of the complaints raised by Lee in this appeal, and we overrule each of them.

Accordingly, we affirm the order of the trial court.

JIM R. WRIGHT

SENIOR CHIEF JUSTICE

June 28, 2018

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Willson, J.,
Bailey, J., and Wright, S.C.J.[1]

---

[1]Jim R. Wright, Senior Chief Justice (Retired), Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.