

IN THE COURT OF CRIMINAL APPEALS
OF TEXAS

NO. WR-84,327-01

EX PARTE JOSEPH FRANCOIS JEAN, Applicant

ON APPLICATION FOR WRIT OF HABEAS CORPUS
CAUSE NO. 1302120 IN THE 230th JUDICIAL DISTRICT COURT
HARRIS COUNTY

Per curiam. YEARY, J., filed a dissenting opinion. KELLER, P.J., and
SLAUGHTER, J., dissent. NEWELL, J., not participating.

**O P I N I O N**

This is an initial application for a writ of habeas corpus filed pursuant to the

provisions of Texas Code of Criminal Procedure Article 11.071.

In June 2011, Applicant was convicted of capital murder and sentenced to death

for killing teenaged cousins Chelsy Lang and Ashley Johnson in the same criminal

transaction. *See* TEX. PENAL CODE § 19.03(a)(7)(A). We affirmed the conviction and

sentence on direct appeal. *Jean v. State,* No. AP-76,601 (Tex. Crim. App. June 26,

2013)(not designated for publication).

On August 9, 2013, Applicant filed in the trial court this application for a writ of habeas corpus, in which he raises seventeen claims challenging the validity of his conviction and resulting sentence. Applicant asserts in one of those claims (Claim 10) that he is intellectually disabled and ineligible for the death penalty. *See Atkins v. Virginia,* 536 U.S. 304 (2002). On July 21, 2016, the habeas judge signed an order adopting the State's proposed findings and conclusions and recommending that relief be denied on all of Applicant's claims. Those findings and conclusions cited *Briseno* in the rejection of Applicant's intellectual disability claim. *Ex parte Briseno,* 135 S.W.3d 1 (Tex. Crim. App. 2004).

The United States Supreme Court subsequently decided *Moore v. Texas,* 137 S. Ct. 1039 (2017) (*Moore I*), in which it rejected various aspects of this Court's analytical approach to *Atkins* claims, including our use of the *Briseno* factors. Consequently, we remanded this case on June 28, 2017, with instructions for the habeas judge to "[hold] a live hearing to further develop evidence and make a new recommendation to this Court on the issue of intellectual disability." The United States Supreme Court thereafter decided *Moore v. Texas,* 139 S. Ct. 666 (2019) (*Moore II*). The habeas judge held a live hearing in 2021.

During the hearing, Applicant presented the testimony of multiple expert and lay witnesses in support of his intellectual disability claim. On December 13, 2021, the

habeas judge signed an order adopting Applicant's proposed findings of fact and conclusions of law pertaining to the intellectual disability claim.[1] The habeas judge recommended that "punishment-phase relief" be granted on Claim 10 because Applicant "met his burden to prove by a preponderance of the evidence that he satisfies the legal and clinical criteria for a diagnosis of intellectual development disorder and is therefore ineligible for the death penalty[.]"

We agree that Applicant has shown that he is a person with intellectual disability under *Moore I* and *II.* Based upon the trial court's findings and conclusions and our own review, we grant relief on Claim 10. We reform Applicant's sentence of death to a sentence of life imprisonment without parole.

Applicant raises three other challenges to his death sentence. In Claim 11, Applicant contends that he could have avoided a death sentence if trial counsel had called lay and expert witnesses to "present a full narrative of [his] life story" at the punishment phase of trial. *See Strickland v. Washington,* 466 U.S. 668 (1984); *Wiggins v. Smith,* 123 S. Ct. 2527 (2003). In Claim 16, he alleges that his "death sentence is unconstitutional because it was assigned based on Texas' arbitrary system of administering the death penalty." In Claim 17, he asserts that his "death sentence should be vacated because the punishment phase jury instruction restricted the evidence the jury could determine was

---

[1] The habeas judge who signed the 2021 findings and conclusions is not the same habeas judge who signed the 2016 findings and conclusions. Judge Brad Hart presided over this case in 2016. Judge Chris Morton, who was elected to the 230th Judicial District Court of Harris County in 2018, signed the 2021 findings and conclusions.

mitigating." Because we reform Applicant's death sentence to a life sentence, Claims 11, 16, and 17 are rendered moot, and are, therefore, dismissed.

Applicant also challenges the validity of his capital murder conviction by raising multiple claims of ineffective assistance of trial and appellate counsel. Applicant asserts that trial counsel failed to: present a false confession expert (Claim 1); present expert testimony to rebut the credibility of eyewitness Jonathan Bradford (Claim 2); "effectively retain and present testimony regarding DNA evidence" (Claim 3); impeach State's witness Dorian Terry (Claim 5); and "challenge and rebut" testimony and multiple pieces of evidence offered by the State (Claim 6). In Claim 7, Applicant contends that he was deprived of a "constitutionally-sound trial" due to the cumulative effect of each of these instances of ineffective assistance of counsel.

In Claim 8, Applicant alleges that trial counsel "effectively abandoned" him by presenting only one witness at the guilt phase of trial. He further alleges that trial counsel failed to object to the State's discriminatory use of peremptory strikes (Claim 12) and preserve the record for appeal (Claim 14). In Claim 13, he complains that appellate counsel failed to "appeal the trial court's erroneous denial of [his] valid challenges for cause of four prospective jurors." And he argues in Claim 15 that appellate counsel "effectively abandoned [him] by waiving oral argument."

This Court has reviewed the record with respect to these allegations. We deny relief on these claims because Applicant has not met his burden under *Strickland*. He has

failed to show by a preponderance of the evidence that his counsel's representation fell below an objective standard of reasonableness and that the deficient performance prejudiced the defense. *Id.* at 689.

In Claim 4, Applicant complains that the State withheld favorable evidence in violation of *Brady v. Maryland,* 373 U.S. 83 (1963). We agree with the trial court's conclusion that this claim has no merit. Applicant has failed to meet his burden under *Brady* to show that the evidence at issue was suppressed, favorable, and material. *Id.* at 87.

In Claim 9, Applicant asserts that the State mischaracterized "inconclusive DNA test results" during jury argument. We will not review the merits of this habeas claim because Applicant failed to raise it on direct appeal. *Ex parte Nelson,* 137 S.W.3d 666, 667 (Tex. Crim. App. 2004), *citing Ex parte Goodman,* 816 S.W.2d 383, 385 (Tex. Crim. App. 1991). Applicant also asserts in Claim 9 that trial counsel were ineffective because they failed to request an instruction to disregard the State's argument or move for a mistrial. This assertion fails because Applicant has failed to meet his burden under *Strickland* to show both deficient performance and prejudice. *Id.* at 689.

Based upon the trial court's findings and conclusions and our own review, we deny relief on Claims 1 through 9 and 12 through 15.

IT IS SO ORDERED THIS THE 19th DAY OF APRIL, 2023.

Do Not Publish