COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



| | | |
|---|---|---|
| | § | No. 08-23-00145-CR |
| EX PARTE | § | Appeal from the |
| JOSEPH RODRIGUEZ, | § | 210th Judicial District Court |
| Appellant. | § | of El Paso County, Texas |
| | § | (TC# 20190D03583) |

## MEMORANDUM OPINION

Joseph Rodriguez appeals the trial court's order denying his application for habeas corpus relief, which he sought against the trial court's order of deferred adjudication community supervision. Rodriguez argued in his writ application that the criminal prosecution that resulted in his plea of guilty and placement on deferred adjudication community supervision was based on an indictment alleging he had committed the charged offense when he was 17 years old. He urged that Tex. Fam. Code Ann. § 51.02(2) and Tex. Penal Code Ann. § 8.07(b), which define 17-year-olds as adults for criminal prosecution, and on which the State relied to bring its criminal prosecution, were unconstitutional on their face and as applied to him. Because the trial court did not abuse its discretion in denying Rodriguez's application for writ of habeas corpus, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

Rodriguez was charged by criminal indictment with one count of aggravated robbery. There is no dispute he was 17 years old at the time of the charged offense. On June 9, 2020, Rodriguez signed a plea agreement, wherein he acknowledged he had been admonished of his

Constitutional rights, he waived his rights, and he stipulated to the State's oral presentation of evidence in the case. In exchange, the State recommended punishment of eight years' community supervision under the deferred adjudication provisions of Article 42.12, § 5 of the Texas Code of Criminal Procedure, a fine of $500, performance of 100 hours of community service, restitution of $800 to be paid to the parent of the minor complainant, and completion of theft counseling. After the trial court accepted Rodriguez's plea of guilty in open court, the court announced it would follow the plea agreement, deferred adjudication of guilt, and placed Rodriguez on deferred adjudication probation for eight years. The trial court's order imposing deferred adjudication was signed on June 22, 2020. In October 2020, the trial court modified the probation terms by ordering that Rodriguez make payments on the ordered restitution of $800.

On April 12, 2022, the State filed a motion to adjudicate guilt alleging Rodriguez had violated multiple terms and conditions of his community supervision. While detained and awaiting a hearing on the State's motion to revoke, Rodriguez filed, on March 20, 2023, an application for an Article 11.072 writ of habeas corpus. *See* Tex. Code Crim. Proc. Ann. art. 11.072 (authorizing procedures for a habeas application challenging an order or judgment of conviction imposing community supervision). In his writ application, Rodriguez claimed the State of Texas and the 210th Judicial District Court of El Paso County, by the attached order for deferred adjudication community supervision, had illegally restrained his liberty. By his statement of jurisdiction, Rodriguez alleged he had properly challenged the restraint of his liberty because he was on community supervision under the attached order, that he brought a constitutional challenge, and that he could not obtain relief by appeal. He urged that his writ attacked the constitutionality of Tex. Fam. Code Ann. § 51.02(2) and Tex. Penal Code Ann. § 8.07(b)—the statutes defining 17-year-olds as adults for the purposes of criminal prosecution—were unconstitutional on their faces

2

and as applied to him. Following a hearing, the trial court denied Rodriguez's writ application as frivolous. No findings of fact and conclusions of law were entered or made.

This appeal followed.

## ARTICLE 11.072 WRIT PROCEEDING

In his sole issue, Rodriguez contends the trial court erred in denying his application for writ of habeas corpus, which he brought pursuant to Article 11.072 of the Texas Code of Criminal Procedure. He argues that Tex. Fam. Code Ann. § 51.02(2) and Tex. Penal Code Ann. § 8.07 violate the Eighth Amendment of the U.S. Constitution. He claims the challenged statutes are unconstitutional on their face, and as-applied to him, and they are cognizable in habeas writs. In response, the State asserts that Rodriguez had the opportunity to raise these complaints in a direct appeal, but he failed to do so. Thus, it first argues that neither his facial claim nor his as-applied claim is cognizable in an Article 11.072 proceeding. Alternatively, if Rodriguez's claims are cognizable, the State claims he has not shown that prosecuting 17-year-olds as adults violates the Eighth Amendment's prohibitions against cruel and unusual punishment.

We first address the State's claim that neither Rodriguez's facial nor as-applied constitutional challenges are cognizable in the instant proceeding due to the factual and procedural posture of the case.

### A. Applicable law and standard of review

Article 11.072 of the Code of Criminal Procedure "establishes the procedures for an application for a writ of habeas corpus in a felony or misdemeanor case in which the applicant seeks relief from an order or a judgment of conviction ordering community supervision." Tex. Code Crim. Proc. Ann. art. 11.072, § 1; *see Ex parte Villanueva*, 252 S.W.3d 391, 395 (Tex. Crim. App. 2008). Under the statute, a person who is serving or who has completed a term of community supervision may file a habeas application attacking the "legal validity" of (1) the conviction for

3

which or the order in which community supervision was imposed, or (2) the conditions of community supervision. Tex. Code Crim. Proc. Ann. art. 11.072, § 2; *Ex parte Villanueva*, 252 S.W.3d at 395. The writ of habeas corpus is an extraordinary remedy. *See Ex parte Smith*, 444 S.W.3d 661, 666 (Tex. Crim. App. 2014). An applicant for an 11.072 writ of habeas corpus bears the burden of proving his claim by a preponderance of the evidence. *State v. Guerrero*, 400 S.W.3d 576, 583 (Tex. Crim. App. 2013).

We review de novo the trial court's resolution of pure questions of law and of mixed questions of law and fact that do not turn on witness credibility or demeanor. *Ex parte Beck*, 541 S.W.3d 846, 852 (Tex. Crim. App. 2017) (citing *Absalon v. State*, 460 S.W.3d 158, 162 (Tex. Crim. App. 2015)); *see Ex parte Roberts*, 409 S.W.3d 759, 762 (Tex. App.—San Antonio 2013, no pet.) ("[I]f the court's application of the law to the facts does not rest on factual findings, it is afforded no deference and we review de novo."). Because the facts in this case are undisputed, and Rodriguez's presented issue implicates a mixed question of law and fact that does not turn on witness credibility, we will review the issue de novo. We will uphold the trial court's ruling if it is correct under any theory of applicable law. *Ex parte Beck*, 541 S.W.3d at 852.

### B. Cognizability

On cognizability, the crux of the issue is whether Rodriguez is permitted to present his facial and as-applied challenges to the age-defining statutes for the first time in a habeas proceeding, after pleading guilty and being placed on deferred adjudication. The Court of Criminal Appeals, on countless occasions, has stated that "habeas corpus cannot be used as a substitute for appeal, and that it may not be used to bring claims that could have been brought on appeal." *Ex parte Nelson*, 137 S.W.3d 666, 667 (Tex. Crim. App. 2004) (en banc). The reasoning is that a writ of habeas corpus is an extraordinary remedy that is available only in the absence of an adequate remedy at law. *Id.* In general, even constitutional claims may be forfeited if the applicant had the

4

opportunity to raise the issue on appeal. *Ex parte Townsend*, 137 S.W.3d 79, 81 (Tex. Crim. App. 2004). Presently, at least one exception to the general rule—referred to as the *Smith* exception—is otherwise recognized. As an exception, an applicant may raise a facial constitutional challenge for the first time in a habeas challenge when the statute under which he has been convicted has already been judicially declared to be facially unconstitutional. *Ex parte Beck*, 541 S.W.3d at 857 (citing *Smith v. State*, 463 S.W.3d 890, 895–97 (Tex. Crim. App. 2015)).

**(1) Facial challenge**

In *Davis v. State*, the Court of Criminal Appeals recognized that "[s]ome aspects of a deferred adjudication proceeding are appealable; some are not." 195 S.W.3d 708, 710 (Tex. Crim. App. 2006). Consequently, the Court advised that "an appellate court must sort out various rulings a trial court may make in the course of a deferred adjudication proceeding to determine those which the Legislature provided a right to appeal." *Id*. (citing *Olowosuko v. State*, 826 S.W.2d 940, 941 (Tex. Crim. App. 1992) (en banc)). With regard to deferred adjudication, *Davis* confirmed that the Legislature authorized direct appeal of two types of orders: (1) an order granting deferred adjudication, and (2) an order imposing punishment pursuant to an adjudication of guilt. *Id*. at 711 (citing the former Tex. Code Crim. Proc. art. 42.12, § 5(b) which is now recodified at Tex. Code Crim. Proc. arts. 42A.101 to 42A.111).

Here, the record shows that Rodriguez did not raise a facial constitutional challenge to the age-defining statutes supporting his criminal prosecution as a 17-year-old offender by a direct appeal after entering his plea of guilty, even though he could have done so. *See id*. Moreover, although an applicant may raise a first-time challenge to a statute that has already been declared facially unconstitutional, the statutes at issue here have not been declared unconstitutional by any court with binding authority. *See Ex parte Beck*, 541 S.W.3d 854–55 (recognizing the *Smith* exception). Rodriguez cites no authority, and we find none, that declare either of these statutes as

5

facially unconstitutional. Accordingly, the *Smith* exception does not enable Rodriguez to raise a first-time facial challenge based upon authority directly striking down the statutes. Rodriguez's facial constitutional challenge, then, is governed by the general rule providing that such complaints may not be raised for the first time in a habeas application. *See Beck*, 541 S.W.3d at 855; *Smith*, 463 S.W.3d at 895–97.

We overrule Rodriguez's complaint to the extent he brings a facial constitutional challenge.

**(2) As-applied challenge**

As well, we conclude that Rodriguez's as-applied challenge is not cognizable. "'As applied' constitutional claims are subject to the preservation requirement and therefore must be objected to at the trial court in order to preserve error." *Reynolds v. State*, 423 S.W.3d 377, 383 (Tex. Crim. App. 2014). Rodriguez did not raise an as-applied challenge to these statutes in the trial court prior to his plea of guilty and placement on deferred adjudication, nor did he do so on direct appeal. Rodriguez certainly knew his age at the time his case was pending in the trial court. Because constitutional challenges cannot be raised for the first time in habeas proceeding and Rodriguez was reasonably aware of the circumstances supporting his as-applied challenge, this part of his claim is also not cognizable.

We overrule Rodriguez's complaint that the statutes are unconstitutional as applied to him.

Accordingly, we overrule Rodriguez's sole issue.[1]

## CONCLUSION

We affirm the trial court's judgment denying habeas relief.[2]

---

[1] Here, as discussed in this opinion, Rodriguez requested habeas relief solely on the basis of Article 11.072 of the Texas Code of Criminal Procedure. Whether to characterize the nature of his claim as a pre- or post-conviction proceeding is not an issue raised by either of the parties. Thus, we see no need to address the various circumstances in which other courts may have included such language.

[2] In a companion case, Rodriguez is charged with murder and filed a pre-trial application for writ of habeas corpus asserting the same constitutional challenge to the same statutes as he presents in this case. In an opinion issued this

GINA M. PALAFOX], Justice

April 22, 2024

Before Alley, C.J., Palafox and Soto, JJ.
Soto, J., concurring

(Do Not Publish)

---

same day, this Court addressed the merits of Rodriguez's complaints and affirmed the trial court's order. *See Ex parte Rodriguez*, No. 08-23-00154-CR, (Tex. App.—El Paso April 22, 2024, no pet. h.) (mem. op.).