**Affirmed as Modified and Memorandum Opinion filed August 8, 2024.**



In The

# Fourteenth Court of Appeals

## NO. 14-22-00761-CR

**BRANDON MICHAEL SMITH, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 22nd District Court
Hays County, Texas
Trial Court Cause No. CR-20-2337-A**

## MEMORANDUM OPINION

Appellant Brandon Michael Smith appeals his conviction for unlawful possession of a firearm by a felon. In two issues, he contends that (1) there is insufficient evidence to determine that he unlawfully possessed a firearm within five years of his release from confinement for a felony and (2) the judgment for unlawful possession of a firearm contains several clerical errors, which he asks this

court to reform. We affirm the trial court's judgment as modified.[1]

## I. BACKGROUND

Appellant confronted a drug dealer, his long-time acquaintance, at gunpoint in a room at the Quality Inn, pistol whipped him, and took his money. Appellant knew him because this drug dealer had lived rent-free for a time in the home of appellant's mother. When appellant confronted the drug dealer and struck him in the face with the firearm, appellant told him something like, "That's for my mom." Throughout this confrontation, a witness—a tattoo artist who was scheduled to give the drug dealer a new tattoo in the hotel room—was present.

Afterwards, appellant went to his mother's home. Two of his mother's roommates were present, and one heard appellant say something like, "I did good. It went good. I got him." Appellant also explained in the presence of these roommates that he had "rolled" the drug dealer. Further, one of the roommates saw a gun lying next to appellant where he was seated while talking.

Meanwhile, the police had responded to the 9-1-1 calls made by the drug dealer, spoken with the tattoo artist, and obtained a search warrant for appellant's mother's home and property. When police first arrived at his mother's home, they found appellant and his mother exiting a shed in the back of the property. And when they executed the search warrant, police found a firearm in the trunk of a broken-down sports utility vehicle located behind the home.

A grand jury subsequently indicted appellant for four felony counts, including aggravated robbery, unlawful possession of a firearm by a felon,

---

[1] The Supreme Court of Texas ordered this case transferred to the Fourteenth Court of Appeals from the Third Court of Appeals. In transfer cases, the transferee court must decide the appeal in accordance with the precedent of the transferor court under principles of stare decisis if the transferee court's decision otherwise would have been inconsistent with the precedent of the transferor court. *See* Tex. R. App. P. 41.3.

possession of heroin, and possession of methamphetamine. Included in the indictment were five enhancement paragraphs for five prior felonies. At trial, a jury found appellant guilty of the four felony counts. After appellant pleaded "not true" to the enhancement paragraphs, the trial court heard the punishment phase of trial and found the five enhancement paragraphs true but disregarded two. The trial court found that the remaining three enhancement paragraphs made appellant eligible for punishment as a habitual offender. It assessed appellant's punishment at imprisonment for fifty years, twenty years, thirty years, and thirty years for aggravated robbery, unlawful possession of a firearm by a felon, possession of heroin, and possession of methamphetamine, respectively, with the sentences to run concurrently.

This appeal, specific to unlawful possession of a firearm by a felon, followed.

## II. SUFFICIENCY OF THE EVIDENCE

In his first issue, appellant appeals that the evidence is insufficient to support his conviction for unlawful possession of a firearm by a felon because there is no evidence of the date he was released from prison for the prior felony. A person who has been convicted of a felony commits an offense if he possesses a firearm "after conviction and before the fifth anniversary of the person's release from confinement following conviction." Tex. Penal Code Ann. § 46.04(a)(1). Appellant argues that, because there is no evidence of the date he was "released from confinement," the State failed to carry its burden of proof to show that he, in fact, possessed a firearm within the period prescribed by the statute.

"Under the Due Process Clause, a criminal conviction must be based on legally sufficient evidence." *Harrell v. State*, 620 S.W.3d 910, 913 (Tex. Crim. App. 2021). "When reviewing whether there is legally sufficient evidence to

support a criminal conviction, the standard of review we apply is 'whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *Murray v. State*, 457 S.W.3d 446, 448 (Tex. Crim. App. 2015) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). "This familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Jackson*, 443 U.S. at 319. "On appeal, reviewing courts 'determine whether the necessary inferences are reasonable based upon the combined and cumulative force of all the evidence when viewed in the light most favorable to the verdict.'" *Murray*, 457 S.W.3d at 448 (quoting *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007)).

The essential elements of the crime are those defined by the hypothetically correct jury charge. *Geick v. State*, 349 S.W.3d 542, 545 (Tex. Crim. App. 2011) (citing *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997)). We thus measure the sufficiency of the evidence by the essential elements as defined by the hypothetically correct charge. *Cada v. State*, 334 S.W.3d 766, 773 (Tex. Crim. App. 2011). A hypothetically correct jury charge "accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried." *Malik*, 953 S.W.2d at 240.

Under § 46.04(a)(1) of the penal code, the period during which possession of a firearm by a felon is forbidden begins on the date of conviction and ends on the fifth anniversary of the person's release from confinement. Tex. Penal Code Ann. § 46.04(a)(1); *see Tapps v. State*, 257 S.W.3d 438, 445 (Tex. App.—Austin 2008),

*aff'd*, 294 S.W.3d 175 (Tex. Crim. App. 2009). Proof of the date of release from confinement is not required in all cases, however. *Tapps*, 257 S.W.3d at 445. Such proof is not necessary when the defendant is found in possession of a firearm within five years of conviction. *Id.* The same cannot be said when the individual is found in possession more than five years after conviction; then proof of the actual date of release is necessary. *Id*. This is because release may have come soon after conviction due to pardon, clemency, or other lawful means, and to conclude "otherwise would be based upon speculation." *Fagan v. State*, 362 S.W.3d 796, 800–01 (Tex. App.—Texarkana 2012, pet. ref'd).

Appellant acknowledges *Tapps*, which is precedent from the Third Court of Appeals, and *Fagan* but asks us to disregard these cases and require proof of the release date when the State elects to indict a defendant for unlawful possession of a firearm before the fifth anniversary of the defendant's release from confinement following conviction of a felony. We decline to do so. *See* Tex. R. App. P. 41.3.

At trial, the evidence showed that appellant possessed a firearm on May 21, 2020, used it to rob a drug dealer in a room at the Quality Inn, and pistol whipped the drug dealer. Moreover, in calls that appellant made from jail, he can be heard complaining that his mother "told people where the gun was." The parties also stipulated that appellant was previously convicted one year and one month earlier, on April 22, 2019, of a felony offense involving drug possession. This stipulation was admitted in evidence. Because appellant's possession of a firearm occurred within five years of his earlier felony conviction, we conclude there is sufficient evidence of unlawful possession of a firearm by a felon even without proof of the date his release from confinement for the felony.

We thus overrule issue one.

### III. CLERICAL ERRORS IN THE JUDGMENT

In his second issue, appellant argues that the trial court's judgment for unlawful possession of a firearm by a felon contains several clerical errors that should be corrected. Specifically, he argues that the judgment incorrectly states (1) the date of sentencing and the date sentence commenced; (2) the subsection of the statute under which he was convicted; (3) a deadly weapon finding of "not applicable"; and (4) the term of the sentence imposed. The State concedes (1) and (2).

We have the power to correct and reform the judgment of the court below "to make the record speak to the truth" when we have the necessary data and information to do so. *Munguia v. State*, 636 S.W.3d 750, 756 (Tex. App.—Houston [14th Dist.] 2021, pet. ref'd). In a criminal case, Texas Rule of Appellate Procedure 43.2(b) functions in part as a means for the appellate court to render judgment nunc pro tunc when the written judgment does not reflect what occurred in open court at trial. Tex. R. App. 43.2(b); *Munguia*, 636 S.W.3d at 756.

#### A. Agreed Clerical Errors

Here, we agree with appellant and the State that the trial court's judgment contains clerical errors as to (1) and (2) that, when considered in light of the record, warrant modification. *See* Tex. R. App. P. 43.2(b).

The judgment incorrectly states that September 1, 2022, was the date on which sentence was imposed and sentenced commenced. The reporter's record from the punishment phase of trial shows that the correct date for both is August 31, 2022. Once he leaves the courtroom, a defendant begins serving the sentence imposed. *Ex parte Madding*, 70 S.W.3d 131, 135 (Tex. Crim. App. 2002). The written sentence or order then simply memorializes the trial court's pronouncement

of sentence and should comport with it. *Id*. We thus correct the judgment to state that the date on which sentence was imposed and sentence commenced was August 31, 2022.

Additionally, the judgment incorrectly states the subsection of the penal code for unlawful possession of a firearm by a felon. The judgment states that appellant was convicted under the wrong subsection of § 46.04, specifically subsection (e). *See* Tex. Penal Code. Ann. § 46.04(e) (stating an offense under subsection (a) is a third-degree felony). The crime of unlawful possession of a firearm by a felon is found at § 46.04(a) of the penal code. *See id.* § 46.04(a). We thus correct the judgment to state that the statute for the offense is § 46.04(a) of the penal code.

## B.    Deadly Weapon Finding

Next, appellant argues that judgment incorrectly states "N/A" under "Findings on Deadly Weapon" because the trial court made a verbal affirmative finding during the punishment phase of trial. Under article 42A.054(b)-(c), the trier of fact may make an affirmative finding that a defendant used or exhibited a deadly weapon during the commission of a felony offense or in immediate flight therefrom. *See* Tex. Code Crim. Proc. Ann. art. 42A.054(b)-(c); *Polk v. State*, 693 S.W.2d 391, 393 & n.1 (Tex. Crim. App. 1985); *Ex parte Thomas*, 638 S.W.2d 905, 907 (Tex. Crim. App. 1982). After an affirmative finding by the trier of fact, it then becomes the mandatory duty of the trial court to enter a separate and specific deadly weapon finding in the judgment. *See Polk*, 693 S.W.2d at 394.

Here, the jury was the trier of fact for the guilt-innocence phase of trial, and the trial court was the trier of fact for the punishment phase of trial. The jury found appellant guilty "of the offense of Unlawful Possession of a Firearm by a Felon, as alleged in the indictment." While count I of the indictment, for aggravated robbery,

specifically alleged that appellant "did then and there use or exhibit a deadly weapon, to wit: a firearm," the indictment for unlawful possession of a firearm by a felon contained no such deadly weapon allegation. At the punishment phase of trial, after the close of the evidence and the parties' closing arguments, the trial court stated, "First of all, I am going to make an affirmative finding based on the evidence that was presented at trial with regards to use of a deadly weapon as to Counts I [aggravated robbery] and II [unlawful possession of a firearm by a felon]."

In his brief for this subissue, appellant has provided no argument or citation to authority. Nor does the State provide any argument or authority in its response. We are left to determine how a deadly weapon finding should be made when both the jury and the trial court are factfinders in separate phases of trial, or whether a deadly weapon finding can be made for unlawful possession of a firearm by a felon. *See Ex parte Nelson*, 137 S.W.3d 666, 667 (Tex. Crim. App. 2004) (orig. proceeding) ("[f]or one thing, there is some question whether an offense of carrying a firearm will support such an affirmative finding"); *Vargas v. State*, No. 03-99-00259, 2000 WL 962787, at *2 (Tex. App.—Austin July 13, 2000, pet. ref'd) (concluding mere possession of a firearm does not by itself constitute "use" of a deadly weapon during the commission of an offense). Because his brief does not contain a clear and concise argument for the contention made, with appropriate citation to authority, we conclude that appellant has waived this subissue and we decline to address it. *See* Tex. R. App. P. 38.1(i) ("The brief must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record.").

## C.    Term of Sentence

Appellant argues next that the judgment incorrectly reflects a twenty-five-

year term of sentence when the trial court instead orally pronounced a twenty-year term for unlawful possession of a firearm by a felon (as enhanced by three prior felony convictions). A trial court's pronouncement of sentence is oral, while the judgment is merely the written declaration and embodiment of that oral pronouncement. *Madding*, 70 S.W.3d at 135. "When there is a conflict between the oral pronouncement of sentence in open court and the sentence set out in the written judgment, the oral pronouncement controls." *Thompson v. State*, 108 S.W.3d 287, 290 (Tex. Crim. App. 2003); *Coffey v. State*, 979 S.W.2d 326, 328–29 (Tex. Crim. App. 1998). The solution in a case in which the oral pronouncement and the written judgment conflict is to reform the written judgment to conform to the sentence that was orally pronounced. *Thompson*, 108 S.W.3d at 290.

At the trial on punishment, the trial court stated, "I am going to sentence on . . . Count II [unlawful possession of a firearm by a felon], 20 years TDC . . . . [T]hose are the sentences for each count that have been found in this case, and they are assessed at this time." Despite this oral pronouncement of the term of sentence, the judgment then shows twenty-five years' imprisonment. Because the twenty years' imprisonment in the trial court's oral pronouncement is controlling, we modify the trial court's judgment to read that the term of sentence imposed was twenty years' imprisonment in the Texas Department of Criminal Justice, Institutional Division.

## IV. CONCLUSION

We have overruled appellant's first issue as to sufficiency of the evidence and granted his second issue in part as to clerical errors in the judgment. Accordingly, we modify the trial court's judgment of conviction for unlawful possession of a firearm by a felon by substituting the following in the judgment: (1) the date August 31, 2022, for the "date sentence imposed" and the "date

sentence commences"; (2) § 46.04(a) of the Texas Penal Code for "statute for offense"; and "20 years, Institutional Division, TDCJ" for "punishment and place of confinement."

We affirm the trial court's judgment as modified.

/s/     Margaret "Meg" Poissant
        Justice

Panel consists of Justices Hassan, Poissant, and Wilson.

Do Not Publish — TEX. R. APP. P. 47.2(b).